UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
CONNECTICUT FUND FOR THE
ENVIRONMENT, INC., d/b/a SAVE THE
SOUND; SOUNDKEEPER, INC.; and ATLANTIC
CLAM FARMS of CONNECTICUT, INC.,

              Plaintiffs,

    v.

                                     Case No. 7:15-cv-06323-CS

WESTCHESTER COUNTY, NEW YORK;
TOWN/VILLAGE OF HARRISON; VILLAGE OF
LARCHMONT; TOWN OF MAMARONECK;
VILLAGE OF MAMARONECK; CITY OF NEW
ROCHELLE; VILLAGE OF PELHAM MANOR;
VILLAGE OF PORT CHESTER; CITY OF RYE;
VILLAGE OF RYE BROOK; VILLAGE OF
SCARSDALE; and CITY OF WHITE PLAINS,

              Defendants.
---------------------------------------------------------------- X

## AMENDED ORDER OF DISMISSAL
## WITH RESPECT TO
## DEFENDANT VILLAGE OF PORT CHESTER

This Amended Consent Order is entered by the Court upon the agreement of Plaintiffs Connecticut Fund for the Environment, Inc., d/b/a Save the Sound, Soundkeeper, Inc., and Atlantic Clam Farms of Connecticut, Inc. (collectively, "Plaintiffs") and defendant Village of Port Chester ("Port Chester") (collectively, the "Parties").

WHEREAS, Plaintiffs commenced this action asserting, *inter alia*, claims that Port Chester was in violation of provisions of the Clean Water Act (33 U.S.C. § 1365 *et seq.*); and,

WHEREAS, Port Chester is obligated to comply with the applicable flow limits in the Westchester County Environmental Facilities Sewer Act set forth in Chapter 824 of the Laws of Westchester County ("County Sewer Act"); and,

WHEREAS, Port Chester represented that, in 2013, it commenced in a five-year plan for completing a sanitary sewer evaluation study ("SSES") to identify sources of inflow and

1

infiltration that, when rehabilitated, would allow Port Chester to comply with the flow limits of the County Sewer Act; and,

WHEREAS, Port Chester represented that, since 2013, it has been concurrently making repairs on an ongoing basis to its sanitary sewer system to eliminate inflow and infiltration and to remediate issues identified in the SSES; and,

WHEREAS, Port Chester is subject to an Administrative Order issued by the United States Environmental Protection Agency ("EPA"), dated August 5, 2010, concerning Port Chester's sewer system ("EPA Administrative Order"); and,

WHEREAS, Port Chester has entered into an intermunicipal agreement ("IMA") with the County of Westchester, dated November 16, 2016, which requires, among other things, that Port Chester complete its SSES to identify sources of inflow or infiltration that, when rehabilitated, would allow Port Chester to begin to comply with the applicable flow limits of the County Sewer Act; and,

WHEREAS, Plaintiffs and Port Chester agreed to the dismissal of this action as against Port Chester pursuant to the provisions of a consent order entered by the Court on October 12, 2017 ("Consent Order") (Docket No. 88), subject to this Court's retention of jurisdiction to enforce the Consent Order;

WHEREAS, the Parties intended that the commitments contained in the Consent Order did constitute binding, enforceable obligations, including certain deadlines; and,

WHEREAS, Plaintiffs and Port Chester now agree to modification of the Consent Order for the purpose of extending certain deadlines, and the Parties intend that the commitments contained in this Amended Consent Order shall constitute binding, enforceable obligations;

NOW, THEREFORE, without the trial of any issue of fact or law, without the admission by Defendant of any of the facts or violations alleged in the Complaint, upon consent of the Parties, and upon consideration of the mutual promises contained herein,

**IT IS HEREBY STIPULATED BETWEEN THE PARTIES AND ORDERED, ADJUDGED AND DECREED BY THE COURT AS FOLLOWS:**

1. Port Chester agrees and admits that it has an obligation to comply with the applicable flow limits of the County Sewer Act.

2. By January 31, 2020, Port Chester shall provide to Plaintiffs copies of all reports it has submitted to the EPA, the New York State Department of Environmental Conservation, and the County of Westchester concerning Port Chester's efforts to comply with the EPA Administrative Order, the IMA, or the flow limits of the County Sewer Act.

3. By January 31, 2020, Port Chester shall provide the information in the attached Repair Information Sheet to Plaintiffs.

4. Until this Amended Consent Order terminates, Port Chester shall continue to provide copies of all new correspondence falling within the bounds of Paragraphs 2 and 3 above by the last day of each March, June, September, and December. Port Chester shall make a representative available to discuss any questions or issues arising out of a quarterly report within ten (10) days of Plaintiffs' request to discuss an issue with a quarterly report.

5. By January 31, 2020, Port Chester shall provide Plaintiffs with a copy of its Engineering Report, in lieu of a completed copy of its SSES investigation.

6. Within forty-five (45) days of the completion of its Engineering Report, Port Chester will provide to Plaintiffs a copy of its construction schedule (the "Construction Schedule"), based on the results and conclusions of its Engineering Report, for the removal of remaining sources of inflow and infiltration to its sanitary sewer system sufficient to comply with the applicable flow limits of the County Sewer Act, as well as complete documentation showing the repairs that it had performed on its sewer system up to that date. The end date of the Construction Schedule will be on or before September 30, 2020.

7. On or before September 30, 2020, Port Chester shall remove the identified sources of inflow and infiltration from its sewer system sufficient to comply with the applicable flow limits of the County Sewer Act as referred to in paragraph 13.

8. Should Port Chester fail to complete all work by September 30, 2020, Port Chester will incur penalties, to be paid as an Environmental Benefit Payment ("EBP"), as follows:

| Time Period | Penalty |
| --- | --- |
| 1–15 days late | $100 per day |
| 16–30 days late | $300 per day |
| 31–60 days late | $400 per day |
| 61+ days late | $500 per day |

Payments under this paragraph shall be in the form of a certified bank check to the to an EBP receipt(s) or projects to be designated by the parties, all of which shall be for use on projects relating to the reduction, mitigation, and/or remediation of pollution or of the effects of pollution

3

in the Long Island Sound in the vicinity of Port Chester and/or the tributary waters of Long Island Sound that flow through Port Chester. Port Chester shall notify Plaintiffs in writing concurrently when any payment is made under this paragraph and provide a copy of the check. None of this payment shall be disbursed to Plaintiffs.

In addition, should Port Chester fail to complete all work by September 30, 2020, Port Chester will be responsible for any fees or costs incurred by Plaintiffs in monitoring and enforcing compliance with this Amended Consent Order by actual time billed, up to a cap of $3,000. This cap does not apply if enforcement is obtained through an order of contempt or similar court order.

9. Except as provided in paragraph 10 below, the failure by Port Chester to comply with any of the deadlines or obligations contained in this Amended Consent Order shall constitute a material violation of the terms of this Amended Consent Order, and may subject Port Chester to enforcement by Plaintiffs through an order of contempt or other appropriate form of redress.

10. Port Chester shall not be in default of the provisions of this Amended Consent Order if its noncompliance is directly attributable to an event arising from causes entirely beyond the control of Port Chester, any entity controlled by Port Chester, or Port Chester's engineers, consultants, and contractors, that delays or prevents the timely performance of any obligation under this Amended Consent Order, notwithstanding Port Chester's best efforts to fulfill the obligation. Port Chester's "best efforts" include, but are not limited to, using best efforts to anticipate any event referred to in the preceding sentence, and to address the effects of any such event (a) as it is occurring, and (b) after it has occurred to prevent or minimize any resulting delay to the greatest extent feasible. An event within the meaning of the first sentence of this paragraph does not include Port Chester's financial inability to perform any obligation under this Amended Consent Order.

11. If an event occurs that may delay or prevent the performance of any obligation under this Amended Consent Order, (a) Port Chester shall notify Plaintiffs within five (5) business days after Port Chester first knew or should have known that the event might cause a delay, and (b) within five (5) additional business days, Port Chester shall submit to Plaintiffs a written explanation of the cause of any actual or expected delay or noncompliance, the anticipated duration of any delay, the measures taken and to be taken to prevent or minimize the delay, and a proposed schedule for the implementation of such measures.

12. On or before August 31, 2020, Port Chester will meet with the County of Westchester and the EPA to discuss final steps for completing the IMA and the EPA Administrative Order. On or before October 31, 2020, Port Chester will submit documents demonstrating compliance and requesting termination of the IMA and the EPA Administrative

4

Order to the County of Westchester and the EPA, respectively. Port Chester agrees to use its best efforts to facilitate a speedy resolution of this request.

13. This Amended Consent Order will terminate and paragraph 7 shall be deemed to be met at such time when the IMA and the EPA Administrative Order have been terminated by the County of Westchester and the EPA, respectively. As provided in the IMA, the IMA will terminate when all required remediation and construction has been completed in order for Port Chester to comply with the inflow and infiltration limits of the County Sewer Act, as determined by the County through an engineering review, flow monitoring, or a combination of the two, and a Capacity Management Operation Maintenance ("CMOM") program has been developed and approved and is fully operational. If the County of Westchester or the EPA reject Port Chester's request for termination and require further work, Port Chester and Plaintiffs shall meet and confer to establish a new schedule for the additional work.

14. Plaintiffs and Port Chester agree that the deadlines and obligations contained in this Amended Consent Order do not affect or modify any dates or deadlines for Port Chester to perform any act that are contained in any other order or agreement or as required by law.

15. This Amended Consent Order shall not constitute an admission of liability or responsibility for any claims, costs, or damages asserted in the Complaint. This Amended Consent Order shall not be useable by any party in any action or proceeding, except in any action or proceeding brought to enforce the terms of this Amended Consent Order.

16. Notwithstanding the dismissal of the litigation against Port Chester, the Court shall maintain jurisdiction over Port Chester for purposes of (a) enforcing the terms of this Amended Consent Order and (b) to determine any application by Plaintiffs for an award of attorneys' fees and costs to be paid by Port Chester pursuant to Paragraphs 8 and 9.

17. Plaintiffs and Port Chester reserve all rights in connection with any application seeking to enforce this Amended Consent Order or for an award of attorneys' fees and costs. Except as set forth in Paragraphs 8 and 9, Plaintiffs shall not make any claim based upon time expended or costs incurred in this litigation subsequent to the date that this Amended Consent Order is entered by the Court, in any application for attorneys' fees and costs to be paid by Port Chester.

Dated: April 14, 2020

Village of Port Chester

By: ANTHONY M. CERRETO
Title: VILLAGE ATTORNEY

5

Dated: April 4/2020          Connecticut Fund for the Environment, Inc., d/b/a
                             Save the Sound
                                     By: Save the Sound, Successor in Interest

                             By: _Roger Reynolds_____
                             Title: Senior Legal Counsel

Dated: April 4, 2020         Soundkeeper, Inc.
                                     By: Save the Sound, Successor in Interest

                             By: _Roger Reynolds_____
                             Title: Senior Legal Counsel

Dated: April 3, 2020         Atlantic Clam Farms of Connecticut, Inc.

                             By: its attorney, Edan Rotenberg
                             Title: Partner, Super Law Group LLC

ENTERED and DATED this 26th day of April, 2020

_Cathy Seibel_____
Honorable Cathy Seibel
United States District Judge

6