UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SAVE THE SOUND and ATLANTIC CLAM
FARMS of CONNECTICUT, INC.,

        Plaintiffs,

v.

WESTCHESTER COUNTY, NEW YORK;
TOWN/VILLAGE OF HARRISON; VILLAGE OF
LARCHMONT; TOWN OF MAMARONECK;
CITY OF NEW ROCHELLE; VILLAGE OF
PELHAM MANOR; CITY OF RYE; VILLAGE
OF RYE BROOK; and VILLAGE OF
SCARSDALE,

        Defendants.

Case No. 7:15-cv-06323-CS

[PROPOSED]
**CONSENT DECREE**

---

## ORDER WITH RESPECT TO DEFENDANT VILLAGE OF RYE BROOK

    Plaintiffs Connecticut Fund for the Environment, Inc., d/b/a Save the Sound, Soundkeeper, Inc., and Atlantic Clam Farms of Connecticut, Inc., and Defendant Village of Rye Brook ("Rye Brook") (collectively, the "Parties") hereby enter into this Order ("Order") in settlement of this action,

    WHEREAS, Plaintiffs commenced this action asserting, *inter alia*, claims that Rye Brook was in violation of provisions of the Clean Water Act (33 U.S.C. § 1365 *et seq.*) ("CWA"), was in violation of provisions of the County Environmental Facilities Sewer Act (Charter and Administrative Code of Westchester County, Article 824) ("County Sewer Act"), and was contributing to a public nuisance;

    WHEREAS, Rye Brook has prepared a Sanitary Sewer Evaluation Study ("SSES") dated September 20, 2017; a Work Plan based on the SSES, dated March 28, 2019; a Supplemental Work Plan, dated May 15, 2019; an Information Update, dated July 12, 2019; and an additional Information and Clarification Update, dated October 17, 2019;

    WHEREAS, Rye Brook has completed pipe lining repairs and manhole rehabilitation work; and

1

WHEREAS, Rye Brook has also conducted follow up inspections to facilitate pipe repair in the Arbors.

NOW, THEREFORE, without the trial of any issue of fact or law, without the admission by Defendant of any of the facts or violations alleged in the Complaint, upon consent of the Parties, and upon consideration of the mutual promises contained herein,

**IT IS HEREBY STIPULATED BETWEEN THE PARTIES AND ORDERED, ADJUDGED AND DECREED BY THE COURT AS FOLLOWS:**

### I. JURISDICTION AND VENUE

1. **Jurisdiction.** Jurisdiction over this action is conferred by 28 U.S.C. § 1331 (federal question), and 33 U.S.C. § 1365(a) (CWA jurisdiction). Plaintiffs have standing and have complied with the statutory notice requirements under the CWA, 33 U.S.C. § 1365(a)(1), and the corresponding regulations at 40 C.F.R. § 135.2. An actual, justiciable controversy exists between the Parties. The requested relief is proper under 28 U.S.C. §§ 2201, 2202, and 33 U.S.C. § 1365(a).

2. **Venue.** Venue is properly vested in this Court pursuant to 33 U.S.C. § 1365(c)(1), because Rye Brook is located, and the events giving rise to this action occurred, within this judicial district.

3. **Consent.** For purposes of this Order, or any action to enforce the Order, Rye Brook consents to the Court's jurisdiction over this Order. For purposes of this Order, Rye Brook consents to venue in this judicial district.

### II. APPLICABILITY

4. The provisions of this Order shall apply to and hereto be binding upon and inure to the benefit of Plaintiffs, Defendant Rye Brook, and their successors and assigns.

5. No transfer of any ownership interest in or any interest in the operation of Rye Brook's Sanitary Sewer System, whether in compliance with this Paragraph or otherwise, shall relieve Rye Brook and their successors and assigns of their obligation to ensure that the terms of this Order are implemented. In the event of any transfer of ownership or operation of the Sanitary Sewer System, or any portion thereof, to any other person or entity, Rye Brook shall be required to provide the proposed Transferee with a copy of this Order at least thirty (30) days prior to such transfer. In addition, Rye Brook shall simultaneously provide Plaintiffs written notice of the prospective transfer, together with verification that Rye Brook has provided the proposed Transferee with said notice and copy of Order, in accordance with Section XVII (Notice). Any noncompliance with this Paragraph constitutes a violation of this Order.

6. Rye Brook shall provide a copy of this Order to all officers, directors, employees, and agents whose duties might reasonably include compliance with any provisions of the Order.

7. The Parties agree to meet and renegotiate the obligations of this Order if agreement is later reached between Rye Brook and Westchester County on reallocation of sewer investment and/or maintenance responsibilities between the County and Rye Brook.

## III. OBJECTIVE

8. It is the express purpose of the Parties in entering into this Order that Rye Brook shall use its best efforts to reduce contributions to sewage spills over time.

## IV. DEFINITIONS

9. Unless otherwise expressly provided herein, terms used in this Order which are defined in the CWA or in regulations promulgated under the CWA shall have the meaning ascribed to them in the CWA or in the regulations promulgated thereunder. Whenever the terms listed below are used in this Order, the following definitions shall apply:

    a. "The Agencies" shall mean the United States Environmental Protection Agency and the United States Department of Justice.

    b. Date of Lodging: the day the Plaintiffs submit this Order to the Agencies for the forty-five (45) day review period required by 33 U.S.C. § 1365(c)(3).

    c. Effective Date: the day the Court enters this Order after the expiration of the forty-five (45) day review period required by 33 U.S.C. § 1365(c)(3).

    d. Term of this Order: the period beginning on the Effective Date and ending four years from the Effective Date, which is the "Termination Date."

    e. Work Period: the period from the Effective Date until April 1, 2021 (the "Work End Date"). During the Work Period, Rye Brook intends to complete the Remedial Measures and draft and implement the Operational and Management Measures identified below in Sections VII-VIII.

    f. Fiscal Year: the fiscal year for the Village of Rye Brook, being June 1 through May 31.

## V. PAYMENTS

10. **Environmental Benefit Project.** To mitigate and remediate harms to the Long Island Sound watershed, in lieu of civil penalties that could have been assessed if the action had been adjudicated against Rye Brook, Rye Brook shall complete the Environmental Benefit Project attached hereto as Appendix D by June 30, 2022.

11. **Fees, Costs, and Expenses.** Rye Brook shall pay a sum of one hundred thousand dollars ($100,000) as full and complete satisfaction of Plaintiffs' claims for attorneys' fees and costs incurred to date, including investigative and expert costs, against Rye Brook. This sum shall be paid in two installments. The first payment of fifty thousand dollars ($50,000) will be placed in escrow with Rye Brook's attorney within thirty (30) days of the Parties' execution of this Order and will be transferred to Plaintiffs' attorney on or before the seventh (7th) day after the Effective Date of this Order. The second payment of fifty thousand dollars ($50,000) will be transferred to Plaintiffs' attorney on or before June 30, 2021. The checks shall be payable to "Super Law Group, LLC Attorney Trust – IOLA". Payments will be deposited in Super Law Group's IOLA Trust Account for the benefit of the Plaintiffs.

## VI. FEDERAL REVIEW OF ORDER

12. **Review by Agencies.** The Parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), this Order cannot be entered until forty-five (45) days after the receipt of a copy of the proposed Order by the Agencies. Therefore, upon signing of this Order by the Parties, Plaintiffs shall serve copies of this Order upon the EPA Administrator, the Regional EPA Administrator, and the Attorney General for review, as required by 40 C.F.R. § 135.5. If for any reason the United States should decline to approve this Order in the form presented, the Parties agree to continue negotiations in good faith to cure any objection to entry of this Order raised by the United States.

13. **Entry of Order.** Upon the expiration of the forty-five-day review period provided by 33 U.S.C. § 1365(c)(3), the Parties shall move the Court for entry of this Order. This Order shall take effect on the date it is entered by this Court and shall terminate four years from the Effective Date. If for any reason the Court should decline to approve this Order in the form presented, the Parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Order.

## VII. REMEDIAL MEASURES

14. **Intended Effect of Remedial Measures and Operational and Management Measures.** The Measures set forth in Sections VII –VIII and the Appendices referenced therein are intended to further Rye Brook's ongoing efforts to improve management of its Sanitary Sewer System, to reduce inflow and infiltration, to address contributions sanitary sewer overflows, to achieve compliance with the County Sewer Act, and to develop information necessary to determine compliance with the requirements of this Order.

15. **Completion of Remedial Measures.** Rye Brook shall complete the Remedial Measures as set forth in Appendix A.

## VIII. OPERATIONAL AND MANAGEMENT MEASURES

16. **Implementing Operational and Management Measures.** Rye Brook shall update its current Capacity, Management, Operations and Maintenance plan ("CMOM") such that it reflects the Management Measures as set forth in Appendix B and C.

## IX. ACHIEVING COMPLIANCE WITH THE COUNTY SEWER ACT

17. Rye Brook has performed and is performing the Remedial, Operational, and Management measures set forth and referenced in Paragraphs 14–16 of this Decree to achieve compliance with the County Sewer Act's flow limits as set forth at Section 824.72 of the Act, including any amendments thereto, by the end of the flow monitoring period described in Appendix B.

18. At the conclusion of the Work Period, Rye Brook shall request that the Westchester County Department of Environmental Facilities ("WCDEF") evaluate whether Rye Brook has achieved compliance with the County Sewer Act. Rye Brook shall provide Plaintiffs with a copy of its request, WCDEF's response, and any associated correspondence by email, immediately upon sending or receipt.

19. Until the end of the Term of this Order, any disagreement between the Parties regarding Rye Brook's compliance with the County Sewer Act shall be addressed through the Dispute Resolution Procedure (Section XV). Plaintiffs' sole remedy for a determination that compliance has not been achieved shall be limited to the Village's performance of additional measures to achieve compliance. The Village's non-compliance may constitute grounds for injunctive relief, but shall not subject the Village to monetary penalties.

## X. PUBLIC INFORMATION

20. On or before February 1 of each year during the Term of this Order, Rye Brook shall publish on its website and shall send to Plaintiffs a copy of the sewer map that Rye Brook files with the County on January 15, pursuant to Section 824.73 of the County Sewer Act. The map shall be provided in an agreed electronic document format (such as PDF).

21. On or before September 15 of each year during the Term of this Order, Rye Brook shall publish on its website and shall send to Plaintiffs an electronic copy of the plan for Rye Brook's maintenance and repair program that Rye Brook files with the County on September 1, pursuant to Section 824.72(7) of the County Sewer Act.

22. On or before September 15 of each year during the Term of this Order, Rye Brook shall publish on its website and shall send to Plaintiffs an electronic copy of its Capacity, Management, Operation & Maintenance (CMOM) program document.

23. On or before September 15 of each year during the Term of this Order, Rye Brook shall send to Plaintiffs a record of all callouts and related field notes, and identify corrective actions taken in response, in the preceding fiscal year.

24. On or before September 15 of each year during the Term of this Order, Rye Brook shall send to Plaintiffs a record of all spill reports filed by Rye Brook the preceding fiscal year pursuant to the Sewage Pollution Right to Know Act (NY ECL §17-0826-a).

25. Commencing on or before September 15, 2021, and then on September 15 of each subsequent year during the Term of this Order, Rye Brook shall send to Plaintiffs an updated copy of the "Repair Information Sheet" attached as Appendix C to this Order reflecting work performed in the preceding fiscal year.

## XI. REVIEW AND APPROVAL OF DELIVERABLES

26. A "Deliverable" is any plan, report, map, or other item that Rye Brook is required to submit to Plaintiffs for either review or approval pursuant to this Order.

27. Rye Brook shall submit any significant modification or amendment of any Deliverable for review or approval pursuant to this Order to Plaintiffs.

28. Plaintiffs shall respond to any Deliverable or amended Deliverable with written comments within forty-five (45) days.

29. Within forty-five (45) days of receiving Plaintiffs' written comments, Rye Brook shall either: (a) alter the submission to address Plaintiffs' written comments or (b) submit the matter for Dispute Resolution under Section XV of this Order.

30. If a Deliverable is approved pursuant to this Section, Rye Brook shall take all actions required by the Deliverable, in accordance with the schedules and requirements of the Deliverable as approved.

31. For each day Rye Brook fails to timely submit any Deliverable, a stipulated Environmental Benefit Payment ("EBP") for each such Deliverable may, at the sole discretion of Plaintiffs, be assessed to Rye Brook. Such EBPs shall be held in escrow by Plaintiffs' attorneys, for the benefit of an environmental benefit project to be determined by mutual agreement of the parties. None of these payments shall be disbursed to Plaintiffs. The payments may be assessed as follows:

| Period of Noncompliance | EBP Per Deliverable Per Day |
|---|---|
| 1-15 Days | Cure Period |
| 16-30 Days | $100 |
| 31-60 Days | $200 |
| More than 60 Days | $300 |

Rye Brook shall have a 15-day period to cure any untimely Deliverable. No EBP is required if the Deliverable is submitted within fifteen (15) days of the deadline. However, if a cure is not effected within fifteen (15) days, an EBP may, at the sole discretion of Plaintiffs, be assessed at up to $500.

6

## XII. FORCE MAJEURE

32. "Force Majeure," for purposes of the Order, is defined as any event arising from causes beyond the control of Rye Brook, of any entity controlled by Rye Brook or of Rye Brook's engineers, consultants, and contractors, that delays or prevents the timely performance of any obligation under the Order notwithstanding Rye Brook's best efforts to fulfill the obligation. "Force Majeure" does not include Rye Brook's financial inability to perform any obligation under this Order.

33. The requirement that Rye Brook exercise "best efforts" includes using best efforts to address the effects of any such event (a) in preparation for a potential Force Majeure, to the extent one is predicted; (b) as it is occurring and (c) after it has occurred to prevent or minimize any resulting delay to the greatest extent feasible.

34. If any event occurs that may delay or prevent the performance of any obligation under this Order, whether or not caused by a Force Majeure event, Rye Brook shall notify Plaintiffs via email within ten (10) working days after Rye Brook first knew or should have known that the event might cause a delay. Within ten (10) additional working days thereafter, Rye Brook shall submit for review and approval by Plaintiffs, at the addresses and in the manner specified in Section XVIII (Notice), an explanation of the cause(s) of any actual or expected delay or noncompliance, the anticipated duration of any delay, the measure(s) taken and to be taken by Rye Brook to prevent or minimize the delay, a proposed schedule for the implementation of such measures, and a statement as to whether, in the opinion of Rye Brook, such event may cause or contribute to an endangerment to public health, welfare, or the environment. Failure to provide timely and complete notice in accordance with this Paragraph shall constitute a waiver of any claim of Force Majeure with respect to the event in question.

35. If Plaintiffs agree that a delay or anticipated delay is attributable to Force Majeure, the time for performance of the obligations under this Order that are affected by the Force Majeure event shall be extended for a period of time as is necessary to complete these obligations. If the Parties cannot agree on the period of time necessary to complete these obligations, the Parties may initiate the dispute resolution process set forth in Section XV.

36. If Plaintiffs do not agree the delay or anticipated delay is attributable to Force Majeure, or on the number of days of noncompliance caused by such event, Plaintiffs will notify Rye Brook in writing of its decision. Rye Brook may then elect to initiate the dispute resolution process set forth in Section XV. If Rye Brook does not initiate the dispute resolution process within ten (10) days of receiving Plaintiffs' written notice under this Paragraph, then Rye Brook shall be deemed to have waived any Force Majeure claims or any rights to initiate dispute resolution with regard to such claims.

37. Delay in performance of any obligation under this Order shall not automatically justify or excuse delay in complying with any subsequent obligation or requirement of this Order.

## XIII. DISPUTE RESOLUTION

38. The Dispute Resolution procedure of this Paragraph shall be the exclusive mechanism to resolve any disputes arising under this Order:

    a. Any dispute that arises under this Order shall initially be subject to a period of informal negotiations, which shall not extend beyond thirty (30) days unless the Parties otherwise mutually agree in writing to an extension of the informal negotiation period and/or a mediation process. The dispute shall be considered to have arisen on the date one Party receives written notification from the other, specifically referencing this Paragraph, that there is a dispute. Such notice shall state the matter in dispute.

    b. If the Parties cannot resolve a dispute by informal negotiations, whether before or immediately after the lapse of the thirty (30) day informal negotiations, then the Parties must seek the intervening role of a certified mediator, with such individual chosen by mutual agreement of the Parties. The mediation period shall not extend beyond forty-five (45) days from the end of the informal negotiation period, unless the Parties otherwise mutually agree in writing to an extension of the mediation period.

    c. If the Parties cannot resolve a dispute by mediation, at the conclusion of the forty-five (45) day mediation period, either Party may file a Dispute Resolution motion with the court.

    d. Alternatively, if the Parties mutually agree, in writing, to bypass mediation entirely, the disputing party shall file a motion with the court directly. The motion shall refer to this Order and Paragraph and shall set forth the nature of the dispute and a proposal for its resolution. The opposing Party shall have thirty (30) days in which to file a response.

    e. Nothing in this section should be interpreted to limit the Court's inherent authority to enforce its orders, including through the use of sanctions.

## XIV. INFORMATION COLLECTION AND RETENTION

39. Plaintiffs and their contractors, consultants, and attorneys shall have authority to enter any property or facility owned or controlled by Rye Brook, at all reasonable times, upon proper identification, for the purposes of: (a) monitoring the progress of activity required by this Order; (b) verifying any data or information submitted to Plaintiffs under this Order; (c) assessing Rye Brook's compliance with this Order; (d) obtaining samples and, upon request, splits of any samples taken by Rye Brook or its representatives, contractors, or consultants; and (e) obtaining documentary evidence, including photographs and similar data related to compliance with this Order. Except in an emergency, Plaintiffs

shall provide a minimum of three (3) days' prior notice of intent to enter. Upon request, Plaintiffs shall provide Rye Brook splits of any samples taken.

40. Rye Brook shall retain all non-identical copies of all documents, records, and other information (including documents, records, or other information in electronic form) generated by Rye Brook, and all data collected and all reports generated by Rye Brook's contractors (including data and reports in electronic form), that relate in any manner to Rye Brook's performance of its obligations under this Order from the Termination Date for a period of five years. This information retention requirement shall apply regardless of any contrary corporate or institutional policies or procedures. At any time during this information-retention period, upon reasonable request by the Plaintiffs, Rye Brook shall provide copies of any documents, records, or other information required to be maintained under this Paragraph.

41. At least ninety (90) days prior to the expiration of the record retention period, Plaintiffs may make a reasonable request, in writing, that Rye Brook extend the record retention period. Upon such reasonable request, Rye Brook agrees to retain the particular records in question for an additional one-year period.

42. Rye Brook may assert that certain documents, records, or other forms of information are privileged under the attorney-client privilege or any other privilege or protection from disclosure recognized by federal law or state law. If Rye Brook asserts such a privilege or protection, it shall provide the following: (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name and title of each author of the document, record, or information; (4) the name and title of each addressee and recipient; (5) a description of the subject of the document, record, or information; and (6) the privilege or protection asserted by Rye Brook.

## XV. EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

43. This Order resolves the civil claims of Plaintiffs for the violations alleged in their Complaint, as against Rye Brook, filed in this action through the Date of Lodging.

44. Rye Brook is responsible for achieving and maintaining complete compliance with all applicable federal, state, and local laws and regulations, and permits, and Rye Brook's compliance with this Order shall be no defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth herein. The Plaintiffs do not, by their consent to the entry of this Order, warrant or aver in any manner that Rye Brook's compliance with any aspect of this Order will result in compliance with provisions of the CWA or with any other provisions of federal, State, or local laws, regulations, or permits.

45. This Order does not limit any rights or remedies available to the Plaintiffs or defenses available to Rye Brook for any violation by Rye Brook of the CWA, State law, or associated regulations or permit conditions other than those claims alleged in the Complaints through the Date of Lodging.

46. This Order does not limit any rights or remedies available to the United States or the State.

47. The Plaintiffs expressly reserve all rights and remedies, legal and equitable, available to enforce the provisions of this Order, including the provisions of any Appendix or Deliverable approved by Plaintiffs under this Order.

48. This Order does not limit or affect the rights of Rye Brook or the Plaintiffs against any third parties not party to this Order, nor does it limit the rights of third parties not party to this Order against Rye Brook, except as otherwise provided by law.

49. This Order shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Order.

## XVI. NOTICES

50. Any notice, demand, copies of documents and other communications required to be made under the provisions of this Order (collectively, "Notices") by any Party hereto shall be effective only if in writing and (a) personally served, (b) mailed by United States registered or certified mail, return receipt requested, postage prepaid, (c) sent by a nationally recognized courier service (*i.e.*, Federal Express) to be confirmed in writing by such courier, or (d) sent by electronic mail, with receipt confirmed by the counterparty via electronic mail. Notices shall be directed to the Parties at their respective addresses set forth below.

Notices for Plaintiffs shall be sent to:

Edan Rotenberg
Super Law Group, LLC
180 Maiden Lane, Suite 603
New York, NY 10038
edan@superlawgroup.com
*Attorney for Plaintiffs*

Notices sent to the individual listed above at the address listed above shall be deemed as notice to Plaintiffs.

Notice for Rye Brook shall be sent to both:

| | |
|---|---|
| Christopher J. Bradbury | Edward F. Beane, Esq |
| Village Administrator | Keane and Beane |
| Village of Rye Brook | 445 Hamilton Avenue |
| 938 King Street | White Plains, NY 10601 |
| Rye Brook, NY 10598 | ebeane@kblaw.com |
| cbradbury@ryebrook.org | *Attorney for Village of Rye Brook* |

10

Notices sent to the individuals listed above at the addresses listed above shall be deemed as notice to Rye Brook.

Each Party shall promptly notify the other Party of any change in the above-listed contact information by using the procedures set forth in this paragraph.

## XVII. EFFECTIVE DATE

51. Under Section 505(c)(3) of the Clean Water Act, Plaintiff will provide a copy of this Order to the United States Environmental Protection Agency ("EPA") and the United States Department of Justice ("DOJ"), and the Court may not enter the Order prior to forty-five (45) days from the date the Order is received by EPA and DOJ. 33 U.S.C. § 1365(c)(3). In the event EPA or DOJ comments raise concerns on the provisions of this Order during the review period, the Parties agree to meet and confer to attempt to resolve any issue(s) raised by EPA or DOJ. At the end of the forty-five (45) day review period, or after receipt of comments from EPA or DOJ, whichever occurs first, the Parties will jointly notify the Court of any comments received from EPA or DOJ, any resolution of those comments, and move the Court to enter the Order. The Order becomes effective on the date signed and issued by the Court.

## XVIII. RETENTION OF JURISDICTION

52. The Court shall retain jurisdiction to enforce the terms of this Order and its Appendices until the Termination Date and to resolve disputes that are not resolved through the dispute resolution process prescribed above that may arise between the Parties.

## XIX. FINAL COMPLIANCE AND TERMINATION

53. This Order shall terminate four years from the Effective Date. Except that, if Rye Brook does not comply with its obligations under this Order by the dates set forth whether because of a Force Majeure Event or for any other reason, then the term of this Order—and the Court's jurisdiction—shall be extended for an appropriate period of time to be agreed between the Parties through Dispute Resolution (Section XIV).

## XX. MISCELLANEOUS

54. **Entire Agreement.** This Order and its Appendices contain the entire agreement between the Parties and no major modifications shall be valid unless in writing, mutually agreed to and executed by the Parties, and entered by the Court; except that the Parties may mutually agree in writing to minor modifications of this Order without further consent of the Court and such written minor modifications shall be deemed incorporated into this Order.

55. **Representatives.** Each undersigned representative of Rye Brook and Plaintiffs certifies that he or she is fully authorized to enter into the terms and conditions of the Order and to execute and legally bind the Party he or she represents to this document.

56. **Execution in Counterparts.** This Order may be signed in counterparts, and its validity shall not be challenged on that basis.

57. **Headings.** The section and paragraph headings contained in this Stipulated are for reference purposes only and shall not affect in any way the meaning or interpretation of this order.

58. **Severability.** In the event that any of the provisions of this Order are held by a court to be unenforceable, the validity of the enforceable provisions shall not be adversely affected.

59. **Interpretation.** The provisions contained herein shall not be construed in favor of or against any Party because that party or its counsel drafted this Order but shall be construed as if all Parties prepared this Order, and any rules of construction to the contrary are hereby specifically waived. The terms of this Order were negotiated at arm's length by the Parties hereto. The language in all parts of this order shall be construed according to its plain and ordinary meaning, except as to those terms defined by the Clean Water Act or specifically herein.

## XXI. FINAL JUDGMENT

60. Entry of this Order constitutes Final Judgment under Rule 54 of the Federal Rules of Civil Procedure.

## XXII. APPENDICES

61. The following appendices are hereby incorporated into this Order.

Appendix A – Remedial Measures
Appendix B – Operational and Management Measures
Appendix C – Repair Information Sheet
Appendix D – Environmental Benefit Project

Dated: 11-11-2020

Village of Rye Brook

By: Paul S. Rosenberg
Title: Mayor

Dated: Nov 16, 2020

Save the Sound

By: Roger Reynolds
Title: Senior Legal Counsel

Dated: Nov. 18, 2020

Atlantic Clam Farms of Connecticut, Inc.

/s/ Edan Rotenberg
By: its attorney, Edan Rotenberg
Title: Partner, Super Law Group

ENTERED and DATED this 19th day of January, 2020

Cathy Seibel

Honorable Cathy Seibel
United States District Judge