# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------  X

SAVE THE SOUND and ATLANTIC CLAM    :
FARMS of CONNECTICUT, INC.,    :
   :
        Plaintiffs,    :
   :
      v.    :
   :
WESTCHESTER COUNTY, NEW YORK;    :
TOWN/VILLAGE OF HARRISON; VILLAGE OF    :    Case No. 7:15-cv-06323-CS
LARCHMONT; TOWN OF MAMARONECK;    :
CITY OF NEW ROCHELLE; VILLAGE OF    :
PELHAM MANOR; CITY OF RYE; VILLAGE OF    :
RYE BROOK; and VILLAGE OF SCARSDALE;    :
   :
        Defendants.    :
---------------------------------------------------------------  X

## STIPULATED ORDER WITH RESPECT TO DEFENDANT
## CITY OF RYE

Plaintiffs Save the Sound and Atlantic Clam Farms of Connecticut, Inc., and defendant City of Rye ("Rye") (collectively, the "Parties") hereby enter into this Stipulated Order ("Order") in settlement of this action.

WHEREAS, Plaintiffs commenced this action asserting, *inter alia*, claims that Rye was in violation of provisions of the Clean Water Act (33 U.S.C. 1365 et seq.), was in violation of provisions of the County Environmental Facilities Sewer Act (Charter and Administrative Code of Westchester County, Article 824) ("County Sewer Act")), and was contributing to a public nuisance; and,

WHEREAS, Rye has prepared Sanitary Sewer Evaluation Surveys (SSESs) dated September 2017, June 2018, and March 2019 (Appendix D) and a Work Plan based on the SSESs (Appendix E);

NOW, THEREFORE, without the trial of any issue of fact or law, without the admission by Defendant of any of the facts or violations alleged in the Complaint, upon consent of the Parties, and upon consideration of the mutual promises contained herein,

**IT IS HEREBY STIPULATED BETWEEN THE PARTIES AND ORDERED, ADJUDGED AND DECREED BY THE COURT AS FOLLOWS:**

## I.   JURISDICTION AND VENUE

1. **Jurisdiction.** Jurisdiction over this action is conferred by 28 U.S.C. § 1331 (federal question), and 33 U.S.C. § 1365(a) (Clean Water Act jurisdiction).  Plaintiffs have standing and have complied with the statutory notice requirements under the CWA, 33 U.S.C. § 1365(a)(1), and the corresponding regulations at 40 C.F.R. § 135.2.  An actual, justiciable controversy exists between the Parties. The requested relief is proper under 28 U.S.C. §§ 2201, 2202, and 33 U.S.C. § 1365(a).

2. **Venue.** Venue is properly vested in this Court pursuant to 33 U.S.C. § 1365(c)(1), because Rye is located, and the events giving rise to this action occurred, within this judicial district.

3. **Consent.** For purposes of this Order, or any action to enforce the Order, Rye consents to the Court's jurisdiction over this Order.  For purposes of this Order, Rye consents to venue in this judicial district.

## II.   APPLICABILITY

4. The provisions of this Order shall apply to and be binding upon Plaintiffs, Defendant City of Rye and their successors, and assigns.

5. No transfer of any ownership interest in or any interest in the operation of Rye's Sanitary Sewer System, whether in compliance with this Paragraph or otherwise shall relieve Rye and their successors and assigns of their obligation to ensure that the terms of this Order are implemented. At least thirty (30) days prior to such transfer, Rye shall provide a copy of this Order to the proposed transferee and shall simultaneously provide written notice of the prospective transfer, together with a copy of the above-referenced proposed written agreement, to Plaintiffs, in accordance with Section XVIII (Notice). Any noncompliance with this Paragraph constitutes a violation of this Order.

6. Rye shall provide a copy of this Order to all officers, directors, employees, and agents whose duties might reasonably include compliance with any provisions of the Order.

7. The parties will meet and renegotiate the obligations of this Order if agreement is later reached between Rye and Westchester County, or some other "authority" created to own, operate and maintain the sanitary sewer system, on reallocation of sewer investment and/or maintenance responsibilities between the County, some other "authority" and Rye.

## III.   OBJECTIVES

2

8. It is the express purpose of the Parties in entering into the Order to require Rye to take all measures necessary to fulfill the objectives of the CWA and any applicable federal or state regulations.

9. It is the express purpose of the Parties in entering into this Order to ensure that Rye takes all reasonable steps to comply with the applicable flow limits of the County Sewer Act.

10. It is the express purpose of the Parties in entering into this Order to reduce Rye's contributions to sewage spills (overflows) to zero over time.

## IV.    DEFINITIONS

11. Unless otherwise expressly provided herein, terms used in this Order which are defined in the CWA or in regulations promulgated under the CWA shall have the meaning ascribed to them in the CWA or in the regulations promulgated thereunder. Whenever the terms listed below are used in this Order, the following definitions shall apply:

  a. "The Agencies" shall mean the United States Environmental Protection Agency and the United States Department of Justice.

  b. Date of Lodging: the day the Plaintiffs submit this Order to the Agencies for the forty-five (45) day review period required by 33 U.S.C. § 1365(c)(3).

  c. Effective Date: the day the Court enters this Order after the expiration of the forty-five (45) day review period required by 33 U.S.C. § 1365(c)(3).

  d. Term of this Order: the period beginning on the Effective Date and ending five years from the Effective Date, which is the "Termination Date."

  e. Work Period: the period from the Effective Date until December 31, 2024 (the "Work End Date"). During the Work Period, Rye intends to complete the Remedial Measures and implement the Operational, Management, and Financial Measures identified below in Sections VII-IX.

## V.    PAYMENTS

12. **Environmental Benefit Payment.** Rye shall place One Hundred and Fifty Thousand Dollars ($150,000) into escrow, all of which shall be for use on a project(s) relating to the reduction, mitigation, and/or remediation of pollution or of the effects of pollution in the Long Island Sound and its tributary waters ("EBP Fund"). Rye shall work with staff or with an external consultant to develop the project(s). If Rye uses an external consultant, Rye may draw not more than $5,000 from the EBP Fund to cover the costs of such consulting. Rye shall present the project(s) for approval to Plaintiffs, which approval shall not be unreasonably withheld provided that the project(s) is additional

3

and restores or protects local waters.  If the entire EBP Fund has not been apportioned to approved project(s) within ninety (90) days of the Effective Date, either Party may submit the matter for dispute resolution under Section XV of this Order.

13. **Fees, Costs, and Expenses.**  Rye shall pay a sum of One Hundred and Forty Thousand dollars ($140,000) as full and complete satisfaction of Plaintiffs' claims for attorneys' fees and costs incurred to date, including investigative and expert costs, against Rye. The payment will be placed in escrow with Rye's attorney within thirty (30) days of the Parties' execution of this Order and will be transferred to Plaintiffs' attorney on or before the 7th day after the Effective Date of this Order.  The check shall be payable to "Super Law Group, LLC Attorney Trust – IOLA".  Payments will be deposited in Super Law Group's IOLA Trust Account for the benefit of the Plaintiffs.

14. **Compliance Monitoring Fees - Engineering.**  Plaintiffs intend to engage the consulting services of a professional engineer licensed in the State of New York ("Consulting Engineer") to monitor Rye's compliance with this Order, and as necessary, for mediation assistance in connection with the Dispute Resolution Procedure (*see* Section XV). Rye agrees to pay the reasonable fees and costs for this work to be performed by Plaintiffs' Consulting Engineer, in an amount not to exceed $15,000, *i.e.,* up to $3,000 in any calendar year, from the year of the Order Effective Date, to the year of the Termination Date defined below. Plaintiffs' Consulting Engineer shall issue invoices and statements directly to Rye that explain the fees and costs charged for this work, and Rye's payments pursuant to this Paragraph shall be made directly to Plaintiffs' Consulting Engineer. Rye agrees to be solely responsible for any additional charges associated with the late payment of any reasonable fees and costs of Plaintiffs' Consulting Engineer. Within thirty (30) days of the Order Effective Date, Plaintiffs shall provide Rye with their Consulting Engineer's name, address, telephone number, e-mail address, W-9, and any other necessary payment information, and shall keep Rye informed of any changes to this information going forward.  The engineer selected is:

    Kevin Draganchuk, CEA Engineers, P.C.

15. **Compliance Monitoring Fees - Legal.**  As reimbursement for Plaintiffs' future legal and administrative fees and costs that will be incurred in order to monitor Rye's compliance with this Order, Rye agrees to pay reasonable fees and costs for this work performed by Plaintiffs' counsel and Plaintiffs' staff, in an amount not to exceed $15,000, *i.e.,* up to $3,000 in any calendar year, from the year of the Order Effective Date, to the year of the Termination Date defined below. Fees and costs reimbursable pursuant to this paragraph may include, but are not limited to, those incurred by Plaintiffs or their counsel to conduct site inspections, review of engineering reports, review of annual reports, discussion with representatives of Rye concerning potential changes to compliance requirements, preparation and participation in mediation or otherwise in connection with the Dispute Resolution Procedure (*see* Section XV), and similar tasks.  Plaintiffs' counsel shall provide invoices containing itemized descriptions for any fees and costs claimed. Rye shall make payment by check, payable to "Super Law Group, LLC Attorney Trust - IOLA," within thirty days of receipt of an invoice that

contains an itemized description of fees and costs incurred by Plaintiffs to monitor implementation of the Order during the previous twelve (12) months. Payments will be deposited in Super Law Group's IOLA Trust Account for the benefit of the Plaintiffs.

## VI.   FEDERAL REVIEW OF ORDER

16. **Review by Agencies.** The Parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), this Order cannot be entered until forty-five (45) days after the receipt of a copy of the proposed Order by the Agencies. Therefore, upon signing of this Order by the Parties, Plaintiffs shall serve copies of this Order upon the EPA Administrator, the Regional EPA Administrator, and the Attorney General for review, as required by 40 C.F.R. § 135.5. If for any reason the United States should decline to approve this Order in the form presented, the Parties agree to continue negotiations in good faith to cure any objection to entry of this Order raised by the United States.

17. **Entry of Order.** Upon the expiration of the forty-five-day review period provided by 33 U.S.C. § 1365(c)(3), the Parties shall move the Court for entry of this Order. This Order shall take effect on the date it is entered by this Court and shall terminate five years from the Effective Date. If for any reason the Court should decline to approve this Order in the form presented, the Parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Order.

## VII.   REMEDIAL MEASURES

18. **Intended Effect of Remedial Measures, Operational and Management Measures, and Financial Measures.** The Measures set forth in Sections VII - IX and the Appendices referenced therein are intended to further Rye's ongoing efforts to improve management of its Sanitary Sewer System, to reduce inflow and infiltration, to address sanitary sewer overflows, to work towards compliance with the County Sewer Act, and to develop information necessary to determine compliance with the requirements of this Order.

19. **Completion of Remedial Measures.** Rye shall complete the Remedial Measures set forth in Appendices A, D and E subject to the further terms and conditions found therein.

## VIII.   OPERATIONAL AND MANAGEMENT MEASURES

20. **Implementing Operational and Management Measures.** Rye shall fully implement the Operational and Management Measures set forth in Appendix B, subject to the further terms and conditions found therein.

## IX.   FINANCIAL MEASURES

5

21. **Implementing Financial Measures.** Rye shall fully implement the Financial Measures set forth in Appendix C, subject to the further terms and conditions found therein.

## X.   ACHIEVING COMPLIANCE WITH THE COUNTY SEWER ACT

22. Rye shall continue to work towards compliance comply with the County Sewer Act's flow limits as set forth at Section 824.72 of the Act by the end of the flow monitoring period described in Appendix B.

23. At the conclusion of the flow monitoring, Plaintiffs and Rye shall jointly request that the Westchester County Department of Environmental Facilities evaluate whether Rye has achieved substantial compliance with the County Sewer Act.

24. Until the end of the Term of this Order, any disagreement between the parties regarding Rye's compliance with the County Sewer Act shall be addressed through the Dispute Resolution Procedure (Section XV).

## XI.   PUBLIC INFORMATION

25. On or before February 1 of each year during the Term of this Order, Rye shall publish on its website and shall send to Plaintiffs a copy of the sewer map that Rye files with the County on January 15, pursuant to Section 824.73 of the County Sewer Act. The map shall be provided both in an agreed GIS format and in an agreed electronic document format (such as PDF).

26. On or before September 15 of each year during the Term of this Order, Rye shall publish on its website and shall send to Plaintiffs an electronic copy of the plan for Rye's maintenance and repair program that Rye files with the County on September 1, pursuant to Section 824.72(7) of the County Sewer Act.

27. On or before September 15 of each year during the Term of this Order, Rye shall publish on its website and shall send to Plaintiffs an electronic copy of its Capacity, Management, Operation & Maintenance (CMOM) program document.

28. On or before September 15 of each year during the Term of this Order, Rye shall send to Plaintiffs a record of all callouts and related field notes, and identify corrective actions taken in response, in the preceding year.

29. On or before September 15 of each year during the Term of this Order, Rye shall send to Plaintiffs a record of all spill reports filed by Rye pursuant to the Sewage Pollution Right to Know Act (NY ECL §17-0826-a).

6

## XII.   REVIEW AND APPROVAL OF DELIVERABLES

30. A "Deliverable" is any plan, report, map, or other item that Rye is required to submit to Plaintiffs for either review or approval pursuant to this Order.

31. Rye shall submit any significant modification or amendment of any Deliverable for review or approval pursuant to this Order to Plaintiffs.

32. Plaintiffs shall use their best efforts to timely respond to any Deliverable or amended Deliverable.

33. Within 45 Days of receiving Plaintiffs' written comments, Rye shall either: (a) alter the submission consistent with Plaintiffs' written comments or (b) submit the matter for dispute resolution under Section XV of this Order

34. If a Deliverable is approved pursuant to this Section, the Defendant shall take all actions required by the Deliverable, in accordance with the schedules and requirements of the Deliverable as approved.

35. For each day Rye fails to timely submit any Deliverable, a stipulated Environmental Benefit Payment (EBP) payable to the Rye Nature Center for each such Deliverable will be assessed to Rye as follows:

| Period of Noncompliance | EBP Per Deliverable Per Day |
|---|---|
| 1-30 Days | $100 |
| 31-45 Days | $300 |
| 46-60 Days | $500 |
| More than 60 Days | $2,000 |

Rye shall have a 15-day period to cure any untimely Deliverable. No EBP is required if the Deliverable is submitted within fifteen (15) days of the deadline. However, if a cure is not effected within fifteen days, an EBP penalty may, at the sole discretion of Plaintiffs be assessed as per the above schedule, beginning from the original deadline.

## XIV.   FORCE MAJEURE

36. "Force Majeure," for purposes of the Order, is defined as any event arising from causes entirely beyond the control of Rye, of any entity controlled by Rye or of Rye's engineers, consultants, and contractors, that delays or prevents the timely performance of any obligation under the Order notwithstanding Rye's best efforts to fulfill the obligation.

37. The requirement that Rye exercise "best efforts" includes using best efforts to anticipate any potential Force Majeure event and best efforts to address the effects of any such event (a) as it is occurring and (b) after it has occurred to prevent or minimize any resulting delay

to the greatest extent feasible. "Force Majeure" does not include Rye's financial inability to perform any obligation under this Order.

38. If any event occurs that may delay or prevent the performance of any obligation under this Order, whether or not caused by a Force Majeure event, Rye shall notify Plaintiffs via email within three (3) working days after Rye first knew or should have known that the event might cause a delay. Within five (5) additional working days thereafter, Rye shall submit for review and approval by Plaintiffs, at the addresses and in the manner specified in Section XVIII (Notice), an explanation of the cause(s) of any actual or expected delay or noncompliance, the anticipated duration of any delay, the measure(s) taken and to be taken by Rye to prevent or minimize the delay, a proposed schedule for the implementation of such measures, and a statement as to whether, in the opinion of Rye, such event may cause or contribute to an endangerment to public health, welfare, or the environment. Failure to provide timely and complete notice in accordance with this Paragraph shall constitute a waiver of any claim of Force Majeure with respect to the event in question.

39. If Plaintiffs agree that a delay or anticipated delay is attributable to Force Majeure, the time for performance of the obligations under this Order that are affected by the Force Majeure event shall be extended for a period of time as is necessary to complete these obligations. If the parties cannot agree on the period of time necessary to complete these obligations, the parties may initiate the dispute resolution process set forth in Section XV.

40. If Plaintiffs do not agree the delay or anticipated delay is attributable to Force Majeure, or on the number of days of noncompliance caused by such event, Plaintiffs will notify Rye in writing of its decision. Rye may then elect to initiate the dispute resolution process set forth in Section XV. If Rye does not initiate the dispute resolution process within ten (10) Days of receiving Plaintiffs written notice under this Paragraph, then Rye shall be deemed to have waived any Force Majeure claims or any rights to initiate dispute resolution with regard to such claims. In any dispute resolution proceeding Rye shall have the burden of demonstrating by a preponderance of the evidence that the delay or anticipated delay has been or will be caused by a Force Majeure event, that the duration of the delay or the extension sought was or will be warranted under the circumstances, that "best efforts" were exercised to avoid and mitigate the effects of the delay, and that Rye complied with the requirements of Paragraph 38, above. If Rye carries this burden, the delay at issue shall be deemed not to be a violation by Rye of the affected obligation(s) of this Order.

41. Delay in performance of any obligation under this Order shall not automatically justify or excuse delay in complying with any subsequent obligation or requirement of this Order.

## XV.   DISPUTE RESOLUTION

42. The Dispute Resolution procedure of this Paragraph shall be the exclusive mechanism to resolve any disputes arising under this Order:

a. Any dispute that arises under this Order shall initially be subject to a period of informal negotiations, which shall not extend beyond thirty (30) days unless the Parties otherwise mutually agree in writing to an extension of the informal negotiation period and/or a mediation process. The dispute shall be considered to have arisen on the date one Party receives written notification from the other, specifically referencing this Paragraph, that there is a dispute. Such notice shall clearly state the matter in dispute.

b. If the Parties cannot resolve a dispute by informal negotiations, whether before or immediately after the lapse of the thirty (30) day informal negotiations, then the Parties must seek the intervening role of a certified federal court mediator, with such individual chosen by mutual agreement of the Parties. If the Parties cannot agree upon a mediator after exchanging no fewer than five (5) proposed mediator recommendations per party, then after a period of thirty (30) days (following the expiration of the informal negotiation period), either Party may file a Dispute Resolution motion with the Court. The mediation period shall not extend beyond forty-five (45) days from the end of the informal negotiation period, unless the Parties otherwise mutually agree in writing to an extension of the mediation period.

c. If the Parties cannot resolve a dispute by mediation, at the conclusion of the forty-five (45) day mediation period, either Party may file a Dispute Resolution motion with the court.

d. Alternatively, if the Parties agree in writing to bypass mediation entirely, the disputing party shall file a motion with the court directly. The motion shall refer to this Order and Paragraph and shall set forth the nature of the dispute and a proposal for its resolution. The opposing Party shall have thirty (30) days in which to file a response with an alternate proposal for resolution. As to any and all disputes under this Paragraph, the Court shall determine which proposed resolution is most appropriate, in light of the circumstances and proposals presented to it and consistent with the Clean Water Act.

e. Nothing in this section should be interpreted to limit the Court's inherent authority to enforce its orders, including through the use of sanctions.

## XVI.  INFORMATION COLLECTION AND RETENTION

43. Plaintiffs and their contractors, consultants, and attorneys shall have authority to enter any property or facility owned or controlled by Rye, at all reasonable times and upon reasonable notice, upon proper identification, for the purposes of: (a) monitoring the progress of activity required by this Order; (b) verifying any data or information submitted to Plaintiffs under this Order; (c) assessing Rye's compliance with this Order; (d) obtaining samples and, upon request, splits of any samples taken by Rye or its representatives, contractors, or consultants; and ( e) obtaining documentary evidence,

including photographs and similar data related to compliance with this Order. Upon request, Plaintiffs shall provide Rye splits of any samples taken.

44. Rye shall retain all non-identical copies of all documents, records, and other information (including documents, records, or other information in electronic form) generated by Rye, and all data collected and all reports generated by Rye's contractors (including data and reports in electronic form), that relate in any manner to Rye's performance of its obligations under this Order for ten years. This information retention requirement shall apply regardless of any contrary corporate or institutional policies or procedures. At any time during this information-retention period, upon request by the Plaintiffs, Rye shall provide copies of any documents, records, or other information required to be maintained under this Paragraph.

45. At the conclusion of the information-retention period provided in the preceding Paragraph, Rye shall notify the Plaintiffs at least ninety (90) Days prior to the destruction of any documents, records, or other information subject to the requirements of the preceding Paragraph and, upon request by the Plaintiffs, Rye shall deliver any such documents, records, or other information to Plaintiffs.

46. Rye may assert that certain documents, records, or other forms of information are privileged under the attorney-client privilege or any other privilege or protection from disclosure recognized by federal law or state law. If Rye asserts such a privilege or protection, it shall provide the following: (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name and title of each author of the document, record, or information; (4) the name and title of each addressee and recipient; (5) a description of the subject of the document, record, or information; and (6) the privilege or protection asserted by Rye. However, no documents, records, data, reports, or other information created or generated pursuant to the requirements of this Order shall be withheld on grounds of privilege or on grounds of protection from disclosure.

## XVII. EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

47. This Order resolves the civil claims of Plaintiffs for the violations alleged in their Complaint filed in this action through the Date of Lodging.

48. Rye is responsible for achieving and maintaining complete compliance with all applicable federal, state, and local laws and regulations, and permits, and Rye's compliance with this Order shall be no defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth herein. The Plaintiffs do not, by their consent to the entry of this Order, warrant or aver in any manner that Rye's compliance with any aspect of this Order will result in compliance with provisions of the CWA or with any other provisions of federal, State, or local laws, regulations, or permits.

49. This Order does not limit any rights or remedies available to the Plaintiffs or defenses available to Rye for any violation by Rye of the CWA, State law, or associated regulations or permit conditions other than those claims alleged in the Complaints through the Date of Lodging.

50. This Order does not limit any rights or remedies available to the United States or the State.

51. The Plaintiffs expressly reserve all rights and remedies, legal and equitable, available to each of them for all violations of the CWA, State law, or other applicable law, except with respect to violations that have been specifically resolved pursuant to Paragraph 47, and reserve all rights and remedies, legal and equitable, available to enforce the provisions of this Order, including the provisions of any Appendix or Deliverable approved by Plaintiffs under this Order.

52. In any subsequent administrative or judicial proceeding initiated by one or more of the Plaintiffs for injunctive relief, civil penalties, or other appropriate relief relating to Rye's violations of federal or state law, Rye shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel issue preclusion, claim preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by one or more of the Plaintiffs in the subsequent proceeding were or should have been brought in the instant case, except with respect to claims that have been specifically resolved pursuant to Paragraph 47.

53. This Order does not limit or affect the rights of Rye or the Plaintiffs against any third parties not party to this Order, nor does it limit the rights of third parties not party to this Order against Rye, except as otherwise provided by law.

54. This Order shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Order.

## XVIII. NOTICES

55. Any notice, demand, copies of documents and other communications required to be made under the provisions of this Order (collectively, "Notices") by any Party hereto shall be effective only if in writing and (a) personally served, (b) mailed by United States registered or certified mail, return receipt requested, postage prepaid, (c) sent by a nationally recognized courier service (*i.e.*, Federal Express) to be confirmed in writing by such courier, or (d) sent by electronic mail, with receipt confirmed by the counterparty via electronic mail. Notices shall be directed to the Parties at their respective addresses set forth below.

Notices for Plaintiffs shall be sent to:

Edan Rotenberg

11

Super Law Group, LLC
180 Maiden Lane, Suite 603
New York, NY 10038
edan@superlawgroup.com

Roger Reynolds
Save The Sound
900 Chapel St., Upper Mezzanine
New Haven, CT 06510
rreynolds@ctenvironment.org

Notices sent to the individuals listed above at the addresses listed above shall be deemed as notice to Plaintiffs.

Notice for Rye shall be sent to:

Kristen K. Wilson, Esq.
Corporation Counsel
1051 Boston Post Road
Rye, New York 10580

Notices sent to the individual listed above at the address listed above shall be deemed as notice to Rye.

Each Party shall promptly notify the other Party of any change in the above-listed contact information by using the procedures set forth in this paragraph.

## XIX.  EFFECTIVE DATE

56. Under Section 505(c)(3) of the Clean Water Act, Plaintiff will provide a copy of this Order to the United States Environmental Protection Agency ("EPA") and the United States Department of Justice ("DOJ"), and the Court may not enter the Order prior to forty-five (45) days from the date the Order is received by EPA and DOJ. 33 U.S.C. § 1365(c)(3).  In the event EPA or DOJ comments raise concerns on the provisions of this Order during the review period, the Parties agree to meet and confer to attempt to resolve any issue(s) raised by EPA or DOJ. At the end of the forty-five (45) day review period, or after receipt of comments from EPA or DOJ, whichever occurs first, the Parties will jointly notify the Court of any comments received from EPA or DOJ, any resolution of those comments, and move the Court to enter the Order. The Order becomes effective on the date signed and issued by the Court.

## XX.  RETENTION OF JURISDICTION

57. The Court shall retain jurisdiction to enforce the terms of this Order and its Appendices until the Termination Date and to resolve disputes that are not resolved through the dispute resolution process prescribed above that may arise between the Parties.

## XXI.  FINAL COMPLIANCE AND TERMINATION

58. This Order shall terminate five years from the Effective Date.  Except that, if Defendant does not comply with its obligations under this Order by the dates set forth whether because of a Force Majeure Event or for any other reason, then the term of this Order – and the Court's jurisdiction – shall be extended for an appropriate period of time to be agreed between the parties through the Dispute Resolution Procedure (Section XV).

## XXII.  MISCELLANEOUS

59. **Entire Agreement.** This Order and its Appendices contain the entire agreement between the Parties and no major modifications shall be valid unless in writing, mutually agreed to and executed by the Parties, and entered by the Court; except that the Parties may mutually agree in writing to minor modifications of this Order without further consent of the Court and such written minor modifications shall be deemed incorporated into this Order.

60. **Representatives.** Each undersigned representative of Rye and Plaintiffs certifies that he or she is fully authorized to enter into the terms and conditions of the Order and to execute and legally bind the Party he or she represents to this document.

61. **Execution in Counterparts.** This Order may be signed in counterparts, and its validity shall not be challenged on that basis.

62. **Headings.** The section and paragraph headings contained in this Stipulated are for reference purposes only and shall not affect in any way the meaning or interpretation of this order.

63. **Severability.** In the event that any of the provisions of this Order are held by a court to be unenforceable, the validity of the enforceable provisions shall not be adversely affected.

64. **Interpretation.** The provisions contained herein shall not be construed in favor of or against any Party because that party or its counsel drafted this Order, but shall be construed as if all Parties prepared this Order, and any rules of construction to the contrary are hereby specifically waived.  The terms of this Order were negotiated at arm's length by the Parties hereto. The language in all parts of this order shall be construed according to its plain and ordinary meaning, except as to those terms defined by the Clean Water Act or specifically herein.

## XXIII. FINAL JUDGMENT

65. Entry of this Order constitutes Final Judgment under Rule 54 of the Federal Rules of Civil Procedure.

## XXIV. APPENDICES

66. The following appendices are hereby incorporated into this Order.

Appendix A – Remedial Measures
Appendix B – Operational and Management Measures
Appendix C – Financial Measures
Appendix D – Rye's SSES Phases I, II, and III
Appendix E – Rye's Work Plan
Appendix F – Model Ordinance

....

Dated: _12/29/2020_                    City of Rye


                                       _Kristen K. wilson_
                                       By: Kristen K. wilson, ESQ.
                                       Title: corporation counsel


Dated: _____                Save the Sound


                                       _____
                                       By:
                                       Title:


Dated: _____                Atlantic Clam Farms of Connecticut, Inc.


                                       _____
                                       By:
                                       Title:

## XXIII. FINAL JUDGMENT

65. Entry of this Order constitutes Final Judgment under Rule 54 of the Federal Rules of Civil Procedure.

## XXIV. APPENDICES

66. The following appendices are hereby incorporated into this Order.

Appendix A – Remedial Measures
Appendix B – Operational and Management Measures
Appendix C – Financial Measures
Appendix D – Rye's SSES Phases I, II, and III
Appendix E – Rye's Work Plan
Appendix F – Model Ordinance

....

Dated: _____     City of Rye


By: _____
Title:


Dated: _12/30/2020_____     Save the Sound


By: _Edan Rotenberg_
Title: attorney for Save the Sound


Dated: _12/30/2020_____     Atlantic Clam Farms of Connecticut, Inc.


By: _Edan Rotenberg_
Title: attorney for Atlantic Clam Farms of Connecticut, Inc.

14

Appendices A-E (within Doc. 191) are deemed attached to and incorporated herein

ENTERED and DATED this 24th day of February, 2021

Cathy Seibel

Honorable Cathy Seibel
United States District Judge

15