UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| SAVE THE SOUND and ATLANTIC CLAM FARMS OF CONNECTICUT, INC.,<br>　　　　Plaintiffs,<br><br>v.<br><br>WESTCHESTER COUNTY, NEW YORK; TOWN/VILLAGE OF HARRISON; VILLAGE OF LARCHMONT; TOWN OF MAMARONECK; CITY OF NEW ROCHELLE; VILLAGE OF PELHAM MANOR; CITY OF RYE; VILLAGE OF RYE BROOK; and VILLAGE OF SCARSDALE,<br>　　　　Defendants. | Case No. 7:15-cv-06323 |

# CONSENT ORDER WITH RESPECT TO
# DEFENDANT TOWN/VILLAGE OF HARRISON

　　Plaintiffs Save the Sound and Atlantic Clam Farms of Connecticut, Inc. and Defendant Town/Village of Harrison ("Harrison") (collectively, the "Parties") hereby enter into this Order ("Order") in settlement of this action.

　　WHEREAS, Plaintiffs commenced this action asserting, *inter alia*, claims that Harrison was in violation of provisions of the Clean Water Act, 33 U.S.C. 1365 *et seq.*, ("CWA") and was contributing to a public nuisance; and,

　　WHEREAS, Harrison is subject to Order on Consent R3-20170829-163 issued by the New York State Department of Environmental Conservation ("NYSDEC"), dated January 9, 2018, as last amended June 11, 2018 ("NYSDEC Order") concerning Harrison's sanitary sewer system; and,

　　WHEREAS, Harrison has prepared Sanitary Sewer Evaluation Surveys ("SSESs") dated December 2017 and December 2018 (Appendix C) and Remediation Plans based on the SSESs (Appendix D); and,

　　WHEREAS, Harrison made certain repairs to its sanitary sewer system based on the results of its December 2017 SSES (see Appendix C) at a cost of approximately $1,000,000; and,

1

WHEREAS, Harrison has proposed to undertake certain additional repairs to its sanitary sewer system under the terms of the NYSDEC Order based on the results of its December 2018 SSES (see Appendix C) between 2019 and 2025 at a cost of approximately $9,900,000; and,

WHEREAS, Harrison has proposed to undertake additional repairs to its sanitary sewer system above and beyond the requirements of the NYSDEC Order between 2025 and 2032 at a cost of approximately $25,000,000 in order to resolve this litigation; and,

WHEREAS, Harrison has developed, in consultation with Plaintiffs, a Capacity, Management, Operation, and Management ("CMOM") Plan for effective management of its sewer system into the future; and

WHEREAS, the Parties have agreed to the dismissal of this action as against Harrison, pursuant to the provisions of this Order;

NOW, THEREFORE, without the trial of any issue of fact or law, without the admission by Harrison of any of the facts or violations alleged in the Complaint, upon consent of the Parties, and upon consideration of the mutual promises contained herein,

**IT IS HEREBY STIPULATED BETWEEN THE PARTIES AND ORDERED, ADJUDGED AND DECREED BY THE COURT AS FOLLOWS:**

### I. JURISDICTION AND VENUE

1. **Jurisdiction.** Jurisdiction over this action is conferred by 28 U.S.C. § 1331 (federal question) and 33 U.S.C. § 1365(a) (Clean Water Act jurisdiction). Plaintiffs have standing and have complied with the statutory notice requirements under the CWA, 33 U.S.C. § 1365(a)(1), and the corresponding regulations at 40 C.F.R. § 135.2. An actual, justiciable controversy exists between the Parties. The requested relief is proper under 28 U.S.C. §§ 2201, 2202, and 33 U.S.C. § 1365(a).

2. **Venue.** Venue is properly vested in this Court pursuant to 33 U.S.C. § 1365(c)(1), because the Town/Village of Harrison is located, and the events giving rise to this action occurred, within this judicial district.

3. **Consent.** For purposes of this Order, or any action to enforce the Order, Harrison consents to the Court's jurisdiction over this Order. For purposes of this Order, Harrison consents to venue in this judicial district.

### II. APPLICABILITY

4. The provisions of this Order shall apply to and be binding upon Plaintiffs, Harrison, and their officers, directors, agents, employees acting in their official capacities, successors, and assigns.

5.  No transfer of any ownership interest in or any interest in the operation of Harrison's Sanitary Sewer System, whether in compliance with this Paragraph or otherwise, shall relieve Harrison and their successors and assigns of their obligation to ensure that the terms of this Order are implemented. Any transfer of ownership or operation of the Sanitary Sewer System, or any portion thereof, to any other person or entity must be conditioned upon the transferee's agreement to be added as a party to this Order and to be jointly and severally liable with Harrison to undertake the obligations required by all provisions of this Order. At least thirty (30) Days prior to such transfer, Harrison shall provide a copy of this Order to the proposed transferee and shall simultaneously provide written notice of the prospective transfer, together with a copy of the above-referenced proposed written agreement, to Plaintiffs, in accordance with Section XI (Notice). Any noncompliance with this Paragraph constitutes a violation of this Order.

6.  Harrison shall provide a copy of this Order to all officers, directors, employees, and agents whose duties might reasonably include compliance with any provisions of the Order.

7.  The parties will meet and renegotiate the obligations of this Order if agreement is later reached between Harrison and Westchester County on reallocation of sewer investment and/or maintenance responsibilities between the County and Harrison.

### III. OBJECTIVES

8.  It is the express purpose of the Parties in entering into the Order to require Harrison to take all measures necessary to fulfill the objectives of the CWA and any applicable federal or state regulations.

9.  It is the express purpose of the Parties in entering into this Order to reduce Harrison's sewage spills to zero over time.

### IV. DEFINITIONS

10. Unless otherwise expressly provided herein, terms used in this Order which are defined in the CWA or in regulations promulgated under the CWA shall have the meaning ascribed to them in the CWA or in the regulations promulgated thereunder. Whenever the terms listed below are used in this Order, the following definitions shall apply:

    a.  "The Agencies" shall mean the United States Environmental Protection Agency and the United States Department of Justice.

    b.  Date of Lodging: the day the Plaintiffs submit this Order to the Agencies for the forty-five (45) day review period required by 33 U.S.C. § 1365(c)(3).

    c.  Effective Date: the day the Court enters this Order after the expiration of the forty-five (45) day review period required by 33 U.S.C. § 1365(c)(3).

    d.  Remedial Measures: the remedial measures to be undertaken by Harrison as fully set forth in Appendix A.

    e.  Term of this Order: the period beginning on the Effective Date and ending when Harrison completes the Remedial Measures, which is expected by December 31, 2032 (the "Termination Date").

## V.   PAYMENTS

11. **Environmental Benefit Payment.** Harrison shall pay sixty thousand dollars ($60,000) in the form of a certified bank check to the Westchester Soil and Water Conservation District, all of which shall be for use on projects relating to the reduction, mitigation, and/or remediation of the effects of stormwater or sewage overflow pollution on, environmental restoration of, or other environmental benefit to the Long Island Sound watershed in Westchester County. The payment has been placed in escrow with Harrison's attorney and will be transferred to Plaintiffs' attorney on or before the 7th day after the Effective Date. None of this payment shall be disbursed to Plaintiffs.

12. **Fees, Costs, and Expenses.** Harrison shall pay a sum of one hundred and forty thousand dollars ($140,000) as full and complete satisfaction of Plaintiffs' claims for attorneys' fees and costs incurred to date, including investigative and expert costs, against Harrison. The payment will be placed in escrow with Harrison's attorney within thirty (30) days of the Parties' execution of this Order and will be transferred to Plaintiffs' attorney on or before the 7th day after the Effective Date of this Order. The check shall be payable to "Super Law Group, LLC." Payments will be deposited in Super Law Group's IOLA Trust Account for the benefit of the Plaintiffs.

13. **Compliance Oversight Fees and Costs.** Plaintiffs will incur costs in order to monitor Harrison's compliance with this Order, including but not limited to costs incurred by Plaintiffs or their counsel or consultants to collect or review water quality sampling data, review annual reports, and discuss with Harrison's representatives any potential changes to compliance requirements, preparation and participation in mediation, and similar activities. To help defray these costs, Harrison agrees to pay Plaintiffs' fees and costs in an amount not to exceed six thousand dollars ($6,000) per year and not more than thirty-five thousand dollars ($35,000) over the effective period of this Order, from the year of the Order Effective Date to the year of the Termination Date defined above. Plaintiffs, their counsel, or consultants shall issue invoices and statements directly to Harrison that explain the fees and costs charged for this work, and Harrison's payments pursuant to this Paragraph shall be made directly to the invoicing party. Harrison shall have two weeks from the receipt of any such invoice to object to the sum claimed, and if Harrison does not object, shall pay the invoice in a timely fashion. If Harrison objects, the parties shall follow the Dispute Resolution Procedure set forth in this Order.

VI.     **FEDERAL REVIEW OF ORDER**

14. **Review by Agencies.**  The Parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), this Order cannot be entered until forty-five (45) days after the receipt of a copy of the proposed Order by the Agencies. Therefore, upon signing of this Order by the Parties, Plaintiffs shall serve copies of this Order upon the EPA Administrator, the Regional EPA Administrator, and the Attorney General for review, as required by 40 C.F.R. § 135.5.  If for any reason the United States should decline to approve this Order in the form presented, the Parties agree to continue negotiations in good faith to cure any objection to entry of this Order raised by the United States.

15. **Entry of Order.**  Upon the expiration of the forty-five-day review period provided by 33 U.S.C. § 1365(c)(3), the Parties shall move the Court for entry of this Order.  This Order shall take effect on the date it is entered by this Court and shall terminate five years from the Effective Date.  If for any reason the Court should decline to approve this Order in the form presented, the Parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Order.

VII.     **REMEDIAL MEASURES**

16. **Intended Effect of Remedial Measures.**  The Remedial Measures are intended to further Harrison's ongoing efforts to improve management of its sanitary sewer system, to reduce inflow and infiltration, to address sanitary sewer overflows, and to achieve compliance with the County Sewer Act.

17. **Completion of Remedial Measures.** Harrison shall complete the Remedial Measures set forth in Appendix A, subject to the further terms and conditions found therein.

VIII.     **OPERATIONAL AND MANAGEMENT MEASURES**

18. **Implementing Operational and Management Measures.** Harrison shall fully implement the Operational and Management Measures set forth in Appendix B, subject to the further terms and conditions found therein.

IX.     **FORCE MAJEURE**

19. "Force Majeure," for purposes of the Order, is defined as any event arising from causes entirely beyond the control of Harrison, of any entity controlled by Harrison or of Harrison's engineers, consultants, and contractors, that delays or prevents the timely performance of any obligation under the Order notwithstanding Harrison's best efforts to fulfill the obligation.

20. The requirement that Harrison exercise "best efforts" includes using best efforts to anticipate any potential Force Majeure event and best efforts to address the effects of any such event (a) as it is occurring and (b) after it has occurred to prevent or minimize any

resulting delay to the greatest extent feasible. "Force Majeure" does not include Harrison's financial inability to perform any obligation under this Order.

21. If any event occurs that may delay or prevent the performance of any obligation under this Order, whether or not caused by a Force Majeure event, Harrison shall notify Plaintiffs via email within five (5) working days after Harrison first knew or should have known that the event might cause a delay. Within five (5) additional working days thereafter, Harrison shall submit to Plaintiffs, at the addresses and in the manner specified in Section XI (Notice), an explanation of the cause(s) of any actual or expected delay or noncompliance, the anticipated duration of any delay, the measure(s) taken and to be taken by Harrison to prevent or minimize the delay, a proposed schedule for the implementation of such measures.

22. If Plaintiffs agree that a delay or anticipated delay is attributable to Force Majeure, the time for performance of the obligations under this Order that are affected by the Force Majeure event shall be extended for a period of time as is necessary to complete these obligations. If the parties cannot agree on the period of time necessary to complete these obligations, the parties may initiate the dispute resolution process set forth in Section IX.

23. If Plaintiffs do not agree the delay or anticipated delay is attributable to Force Majeure, or on the number of days of noncompliance caused by such event, Plaintiffs will notify Harrison in writing of its position. Harrison may then elect to initiate the dispute resolution process set forth in Section IX. In any dispute resolution proceeding Harrison shall have the burden of demonstrating by a preponderance of the evidence that the delay or anticipated delay has been or will be caused by a Force Majeure event, that the duration of the delay or the extension sought was or will be warranted under the circumstances, that "best efforts" were exercised to avoid and mitigate the effects of the delay, and that Harrison complied with the requirements of Paragraph 23, above. If Harrison carries this burden, the delay at issue shall be deemed not to be a violation by Harrison of the affected obligation(s) of this Order.

24. Delay in performance of any obligation under this Order shall not automatically justify or excuse delay in complying with any subsequent obligation or requirement of this Order.

X. **DISPUTE RESOLUTION**

25. The Dispute Resolution procedure of this Paragraph shall be the exclusive mechanism to resolve any disputes arising under this Order:

    a. Any dispute that arises under this Order shall initially be subject to a period of informal negotiations, which shall not extend beyond thirty (30) days unless the Parties otherwise mutually agree in writing to an extension of the informal negotiation period and/or a mediation process. The dispute shall be considered to have arisen on the date one Party receives written notification from the other, specifically referencing this Paragraph, that there is a dispute. Such notice shall clearly state the matter in dispute.

    b. If the Parties cannot resolve a dispute by informal negotiations, whether before or immediately after the lapse of the thirty (30) day informal negotiations, then the Parties must seek the intervening role of a certified federal court mediator, with such individual chosen by mutual agreement of the Parties. If the Parties cannot agree upon a mediator after exchanging no fewer than five (5) proposed mediator recommendations per party, then after a period of thirty (30) days (following the expiration of the informal negotiation period), either Party may file a Dispute Resolution motion with the Court. The mediation period shall not extend beyond forty-five (45) days from the end of the informal negotiation period, unless the Parties otherwise mutually agree in writing to an extension of the mediation period.

    c. If the Parties cannot resolve a dispute by mediation, at the conclusion of the forty-five (45) day mediation period, either Party may file a Dispute Resolution motion with the court.

    d. Alternatively, if the Parties agree in writing to bypass mediation entirely, the disputing party shall file a motion with the court directly. The motion shall refer to this Order and Paragraph and shall set forth the nature of the dispute and a proposal for its resolution. The opposing Party shall have thirty (30) days in which to file a response with an alternate proposal for resolution. As to any and all disputes under this Paragraph, the Court shall determine which proposed resolution is most appropriate, in light of the circumstances and proposals presented to it and consistent with the Clean Water Act.

    e. Nothing in this section should be interpreted to limit the Court's inherent authority to enforce its orders, including through the use of sanctions.

## XI. EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

26. This Order resolves the civil claims of Plaintiffs for the violations alleged in their Complaint filed in this action and releases and forever discharges Harrison and its officers, directors, agents, employees acting in their official capacities, successors, and assigns from any and all matters, claims, complaints, charges, demands, damages, causes of action, debts, liabilities, controversies, judgments and suits of every kind and nature whatsoever, as of the Date of Lodging, foreseen or unforeseen, known or unknown, arising out of the events set forth herein. This release is not intended to, and shall not, extend to or otherwise discharge any rights, privileges, benefits, duties, or obligations of the Parties arising under this Order.

27. This Order shall not constitute an admission of liability or responsibility for any claims, costs or damages asserted in the Complaint and may not be used as such by any party in any action or proceeding, except in any action or proceeding brought to enforce the terms of this Order.

28. Harrison is responsible for achieving and maintaining complete compliance with all applicable federal, state, and local laws and regulations, and permits, and Harrison's compliance with this Order shall be no defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth herein. The Plaintiffs do not, by their consent to the entry of this Order, warrant or aver in any manner that Harrison's compliance with any aspect of this Order will result in compliance with provisions of the CWA or with any other provisions of federal, State, or local laws, regulations, or permits.

29. This Order does not limit any rights or remedies available to the United States or the State.

30. The Plaintiffs expressly reserve all rights and remedies, legal and equitable, available to each of them for all violations of the CWA, State law, or other applicable law, except with respect to violations that have been specifically resolved pursuant to Paragraph 28, and reserve all rights and remedies, legal and equitable, available to enforce the provisions of this Order, including the provisions of any Appendix or Deliverable approved by Plaintiffs under this Order.

31. In any subsequent administrative or judicial proceeding initiated by one or more of the Plaintiffs for injunctive relief, civil penalties, or other appropriate relief relating to Harrison's violations of federal or state law, Harrison shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel issue preclusion, claim preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by one or more of the Plaintiffs in the subsequent proceeding were or should have been brought in the instant case, except with respect to claims that have been specifically resolved pursuant to Paragraph 28.

32. This Order does not limit or affect the rights of Harrison or the Plaintiffs against any third parties not party to this Order, nor does it limit the rights of third parties not party to this Order against Harrison, except as otherwise provided by law.

33. This Order shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Order.

## XII.   NOTICES

34. Any notice, demand, copies of documents and other communications required to be made under the provisions of this Order (collectively, "Notices") by any Party hereto shall be effective only if in writing and (a) personally served, (b) mailed by United States registered or certified mail, return receipt requested, postage prepaid, (c) sent by a nationally recognized courier service (*i.e.*, Federal Express) to be confirmed in writing by such courier, or (d) sent by electronic mail, with receipt confirmed by the counterparty via electronic mail.  Notices shall be directed to the Parties at their respective addresses set forth below.

    Notices for Plaintiffs shall be sent to:

Edan Rotenberg
Julia Muench
Super Law Group, LLC
110 Wall Street, Third Floor
New York, NY 10005
edan@superlawgroup.com
julia@superlawgroup.com

Notices sent to the individuals listed above at the addresses listed above shall be deemed as notice to Plaintiffs.

Notice for Harrison shall be sent to:

Adam Stolorow
Sive, Paget & Riesel P.C.
560 Lexington Ave, 15th Floor
New York, NY 10022
astolorow@sprlaw.com

Notices sent to the individual listed above at the address listed above shall be deemed as notice to Harrison.

Each Party shall promptly notify the other Party of any change in the above-listed contact information by using the procedures set forth in this paragraph.

## XIII. EFFECTIVE DATE

35. Under Section 505(c)(3) of the Clean Water Act, Plaintiff will provide a copy of this Order to the United States Environmental Protection Agency ("EPA") and the United States Department of Justice ("DOJ"), and the Court may not enter the Order prior to forty-five (45) days from the date the Order is received by EPA and DOJ. 33 U.S.C. § 1365(c)(3).  In the event EPA or DOJ comments raise concerns on the provisions of this Order during the review period, the Parties agree to meet and confer to attempt to resolve any issue(s) raised by EPA or DOJ. At the end of the forty-five (45) day review period, or after receipt of comments from EPA or DOJ, whichever occurs first, the Parties will jointly notify the Court of any comments received from EPA or DOJ, any resolution of those comments, and move the Court to enter the Order. The Order becomes effective on the date signed and issued by the Court.

## XIV. RETENTION OF JURISDICTION

36. Upon entry of this Order by the Court, Harrison shall be dismissed from this litigation.

37. Notwithstanding the dismissal of the litigation against Harrison, the Court shall retain jurisdiction to enforce the terms of this Order and its Appendices until the Termination Date and to resolve disputes that are not resolved through the dispute resolution process prescribed above that may arise between the Parties.

## XV.   FINAL COMPLIANCE AND TERMINATION

38. This Order shall terminate upon the Termination Date as defined in Section IV.  Except that, if Defendant does not comply with its obligations under this Order by the dates set forth whether because of a Force Majeure Event or for any other reason, then the term of this Order – and the Court's jurisdiction – shall be extended for an appropriate period of time to be agreed between the parties through the Dispute Resolution Procedure (Section IX).

## XVI.   MISCELLANEOUS

39. **Entire Agreement.** This Order and its Appendices contain the entire agreement between the Parties and no major modifications shall be valid unless in writing, mutually agreed to and executed by the Parties, and entered by the Court; except that the Parties may mutually agree in writing to minor modifications of this Order without further consent of the Court and such written minor modifications shall be deemed incorporated into this Order.

40. **Representatives.** Each undersigned representative of Harrison and Plaintiffs certifies that he or she is fully authorized to enter into the terms and conditions of the Order and to execute and legally bind the Party he or she represents to this document.

41. **Execution in Counterparts.** This Order may be signed in counterparts, and its validity shall not be challenged on that basis.

42. **Headings.** The section and paragraph headings contained in this Stipulated are for reference purposes only and shall not affect in any way the meaning or interpretation of this order.

43. **Severability.** In the event that any of the provisions of this Order are held by a court to be unenforceable, the validity of the enforceable provisions shall not be adversely affected.

44. **Interpretation.** The provisions contained herein shall not be construed in favor of or against any Party because that party or its counsel drafted this Order, but shall be construed as if all Parties prepared this Order, and any rules of construction to the contrary are hereby specifically waived.  The terms of this Order were negotiated at arm's length by the Parties hereto. The language in all parts of this order shall be construed according to its plain and ordinary meaning, except as to those terms defined by the Clean Water Act or specifically herein.

## XVII. FINAL JUDGMENT

45. Entry of this Order constitutes Final Judgment under Rule 54 of the Federal Rules of Civil Procedure.

## XVIII. APPENDICES

The following appendices are hereby incorporated into this Order:

Appendix A – Remedial Measures
Appendix B – Operational and Management Measures
Appendix C – Harrison SSES (including 2017 SSES)
Appendix D – Harrison Remedial Work Plans (including March 2018 plan)

Dated: 9/29/22

Town/Village of Harrison

By: Adam Stolorow
Title: Attorney for Town/Village of Harrison

Dated: 9/29/2022

Save the Sound

By: Roger Reynolds
Title: Senior Legal Counsel

Dated: 9/30/2022

Atlantic Clam Farms of Connecticut, Inc.

/s/ Edan Rotenberg

By: its attorney, Edan Rotenberg
Title: Partner, Super Law Group

ENTERED and DATED this <u>18th</u> day of <u>November</u>, 2022

*Cathy Seibel*
_____
Honorable Cathy Seibel
United States District Judge