# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

SAVE THE SOUND and ATLANTIC CLAM FARMS OF CONNECTICUT, INC.,

        Plaintiffs,

v.

WESTCHESTER COUNTY, NEW YORK; TOWN/VILLAGE OF HARRISON; VILLAGE OF LARCHMONT; TOWN OF MAMARONECK; CITY OF NEW ROCHELLE; VILLAGE OF PELHAM MANOR; CITY OF RYE; VILLAGE OF RYE BROOK; and VILLAGE OF SCARSDALE,

        Defendants.

---------------------------------------------------------------

Case No. 7:15-cv-06323

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROPOSED PROTECTIVE ORDER

**WHEREAS**, on April 2, 2023, the Court issued a Civil Case Discovery Plan and Scheduling Order as to Plaintiffs Save the Sound and Atlantic Clam Farms of Connecticut, Inc. and Defendants Village of Larchmont, Town of Mamaroneck, City of New Rochelle, and Village of Pelham Manor (together, the "Parties");

**WHEREAS**, the Parties are conducting discovery and have identified confidential documents that they believe should be produced only in accordance with an appropriate protective order;

**WHEREAS**, documents, deposition testimony, and site inspections have been sought by one or more of the Parties from Westchester County, to be used in litigation against the other Parties;

WHEREAS, Westchester County has indicated that documents and/or information sought by one or more of the Parties, is confidential and should be produced or provided only subject to an appropriate protective order; and

WHEREAS, the Parties, having agreed to the following terms of confidentiality, submit that good cause exists for the issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, to govern their discovery vis-à-vis each other as well as any documents or information to be produced by Westchester County (which will also be subject to certain additional procedures as set forth below, *see* Exhibit A);

**IT IS HEREBY STIPULATED TO AND ORDERED** that the following restrictions and procedures apply to the documents and information exchanged by the Parties (or produced by Westchester County) in connection with this action:

1.  Counsel for any Party may designate any document or information, in whole or in part, as confidential under this Order if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in that the information that is propriety, financially or commercially sensitive, a trade secret, or otherwise sensitive non-public information, including critical infrastructure-related documentation and other matters of public safety and security (hereinafter "Confidential Information").

   a.  Documents or information designated by a Party as Confidential Information under this Order will be stamped "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on every page that contains Confidential Information.  Documents shall

be designated as Confidential Information under this Order prior to or at the time of the production or disclosure of the documents.

b.   For Site Inspections of Westchester County properties and facilities pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, any document generated by a Party, or any person attending the inspection on behalf of a Party or Parties during or after the inspection to document the inspection, shall be deemed Confidential Information at the time of creation. Within fourteen (14) days of the inspection, any such documents that are non-privileged shall be provided to counsel for Westchester County for review and potential designation. Westchester County shall have thirty (30) days from the date of receipt to designate any such document or portion thereof as Confidential Information. Any non-privileged document not so-designated shall no longer be considered Confidential Information at the expiration of the thirty-day period. Any privileged document shall continue to maintain the Confidential Information designation.

2.   Where a Party has designated discovery or information as Confidential Information under this Order, the other Parties and all other persons subject to this Order may disclose such information only to the following persons:

a)   employees of Parties to this action, but only to the extent counsel determines that the specific employee's assistance is reasonably necessary to the conduct of this litigation, provided such persons have first executed a Non-Disclosure Agreement in the form annexed as Exhibit B hereto;

b)   counsel retained specifically for this action by the Parties, including any paralegal, clerical, or other assistant that such counsel employs and assigns to this matter;

c)     employees of outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel for a Party hire and assign to this matter, provided such persons have first executed a Non-Disclosure Agreement in the form annexed as Exhibit B hereto;

d)     as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

e)     stenographers engaged to transcribe depositions in this action, provided such persons have first executed a Non-Disclosure Agreement in the form annexed as Exhibit B hereto;

f)     this Court, including any appellate court, its support personnel, and court reporters;

g)     any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit B hereto;

h)     any witnesses who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit B hereto;

i)     any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit B hereto;

j)     other persons only by written consent of the designating party or upon order of the Court and on such conditions as may be agreed or ordered, provided such person

has first executed a Non-Disclosure Agreement in the form annexed as Exhibit B
hereto.

3.     Prior to disclosing or displaying documents or information designated as
Confidential Information under this Order to any persons listed in Paragraph 2 above, excluding
persons listed in subparagraphs (b), (d), or (f), counsel must:

    a)     Inform the person of the confidential nature of the documents or information;

    b)     Inform the person that this Court has enjoined the use of the information or
documents by them for any purpose other than this litigation and has enjoined the
disclosure of the documents or information to any other person; and

    c)     Require each such person to sign a Non-Disclosure Agreement in the form annexed
as Exhibit B hereto.

4.     Recipients of documents designated by a Party as Confidential Information under
this Order may use such material solely in connection with this litigation and any appeals thereto,
and not for any other purpose or in any other litigation proceeding.  Nothing contained in this
Order, however, will affect or restrict the rights of any Party with respect to its own documents or
information produced in this action.   Deposition testimony shall be deemed Confidential
Information under this Order as follows:

    a.   Where a deposition exhibit includes materials designated as Confidential
Information by Westchester County, all testimony referencing, discussing,
describing, or analyzing such Confidential Information shall be deemed
Confidential Information.  Within thirty (30) days after delivery of the transcript
by the court reporter, the deposing party must serve a Notice of Designation to

all Parties as to specific portions of the transcript to be designated Confidential Information under this sub-paragraph.

b.  Where a deposition exhibit includes materials designated as Confidential Information by a Party, and the Party designates the testimony as Confidential Information on the record during the deposition, such deposition testimony shall remain Confidential Information under this Order until thirty (30) days after delivery of the transcript by the court reporter. Within thirty (30) days after delivery of the transcript, the designating party may serve a Notice of Designation to all Parties as to specific portions of the transcript to be designated Confidential Information under this sub-paragraph. Thereafter, those portions so designated shall be protected as Confidential Information under this Order pending objection under the terms of this Order. The failure to serve a Notice of Designation within the thirty (30) day period shall waive the designation of Confidential Information made on the record of the deposition.

Such designations shall be specific as to the portions to be designated Confidential Information under this Order.

5.  Any document designated by a Party as Confidential Information under this Order is subject to challenge by any other Party. The following procedure shall apply to any such challenge:

a)  <u>Objection to Confidentiality</u>. Within thirty (30) days of the receipt of any document designated as Confidential Information under this Order or a Notice of Designation of deposition testimony pursuant to Paragraph 4 above, a Party may serve upon the

designating party an objection to the designation in whole or part. The objection shall specify the documents or deposition testimony to which the objection is directed and set forth the reasons for the objection as to each document or category of documents. Documents or deposition testimony designated as Confidential Information under this Order to which an objection has been made shall remain Confidential Information under this Order until de-designated - by waiver, agreement, or order of the Court. For purposes of information designated Confidential Information pursuant to Paragraph 1(b), the thirty-day period shall begin upon expiration of Westchester County's thirty-day period to designate information.

b) <u>Obligation to Meet and Confer</u>. The objecting party and the designating party shall have fifteen (15) days from service of the objection to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the objection to designating the subject documents or documents as Confidential Information under this Order, the designating party shall serve on all Parties a notice specifying the documents and nature of the agreement.

c) <u>Obligation to File Motion</u>. If the parties cannot reach agreement as to any documents designated Confidential Information under this Order, the objecting party shall file with the Court within thirty (30) days of the service of the objection a motion to compel de-designation as Confidential Information under this Order. The moving party has the burden to show good cause for de-designation as Confidential Information under this Order. The failure to file the motion waives

the objection to designation of documents as Confidential Information under this Order.

d)      With respect to any information designated as Confidential Information by Westchester County, or any deposition testimony so designated under Paragraph 4(a), the objecting party must serve an objection on counsel for Westchester County. The de-designation of such information may only be done upon consent of Westchester County or order of the Court.

6.      If a Party wishes to file any document designated as Confidential Information under this Order, it shall file such documents under seal. In accordance with Rule 11(B) of the Court's Individual Rules of Practice, motions for approval of sealed or redacted filings and the subject document(s), including the proposed sealed document(s), must be filed electronically through the court's Electronic Case Filing (hereinafter "ECF") system in conformity with ECF Rules & Instructions, section 6. The motion must be filed in public view, must explain the specific reasons for seeking to file the information under seal, and should not include the information sought to be filed under seal. Supporting papers must be separately filed electronically and may be filed under seal or redacted only to the extent necessary to safeguard information sought to be filed under seal. The proposed sealed document must be contemporaneously filed under seal in the ECF system and electronically related to the motion. The summary docket text, but not the sealed document, will be open to public inspection and should not include the information sought to be filed under seal. Where the motion seeks approval to redact information from a document that is to be publicly filed, the filing Party shall: (a) publicly file the document with the proposed redactions; and (b) electronically file under seal a copy of the unredacted document with the proposed redactions highlighted. Both documents must be electronically filed through the ECF system and related to

the motion.  Any Party unable to comply with the requirements for electronic filing under seal through the ECF system, or who has reason to believe that a particular document should not be electronically filed, must move for leave of the Court to file on paper.

7.      A Party who intends to present or anticipates that another Party may present at any hearing or at trial documents or information designated Confidential Information under this Order shall raise the issue (without revealing the Confidential Information) in a pre-trial hearing or pre-trial memorandum.  The Court may thereafter make such orders as are necessary to govern the use of such documents or information at a hearing or trial. To the extent that the issue raised under this paragraph relates to information designated Confidential Information by Westchester County, the Party raising the issue shall give notice to counsel for Westchester County, who shall have an opportunity to respond to an application made by the Party.

8.      Nothing contained in this Order will be construed as (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

9.      Nothing in this Order will prevent any Party from producing any documents designated Confidential Information under this Order in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the designating party as soon as reasonably possible, and if permitted by the time allowed under the request, at least fifteen (15) days before any disclosure.  Upon receiving such notice, the designating party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the designating party deems it appropriate to do so.

10.     Each person who has access to documents or information designated Confidential Information under this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

11.     This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom documents or information designated Confidential Information under this Order is produced or disclosed.  In the event of an appeal, where a Party wishes to file any document designated as Confidential Information under this Order before the appellate court, the Party shall file seek permission to file such documents under seal.

12.     This Order binds the Parties and certain others to treat as Confidential Information any documents or information so classified.  This Court has not, however, made any finding regarding the confidentiality of any documents or information designated by a party as Confidential Information under this Order.

13.     Within sixty (60) days of the final disposition of this action, including all appeals, all recipients of documents designated Confidential Information under this Order must either return such documents including all copies thereof to the designating party or, upon permission of the designating party, destroy such materials and all copies thereof.  In either event, by the 60-day deadline, the receiving Party must certify its return or destruction by submitting a written certification to the designating party that affirms that it has not retained any copies, abstracts, compilations or other forms of reproducing or capturing any of the documents designated as Confidential under this Order.  Notwithstanding this provision, counsel that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain documents or information designated as Confidential Information under

this Order. Any such archival copies that contain or constitute documents or information designated as Confidential Information under this Order remain subject to this Order.

14. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED

Julie Muench
Super Law Group, LLC
222 Broadway, 22nd Floor
New York, NY 10038
*Attorneys for Plaintiffs Save the Sound &*
  *Atlantic Clam Farms of Connecticut*

Dated:  August 2, 2023

Robert A. Spolzino
Abrams Fensterman, LLP
81 Main Street, Suite 400
White Plains, NY 10601
*Attorneys for Defendants Village of*
  *Larchmont, Town of Mamaroneck, City*
  *of New Rochelle, & Village of Pelham*
  *Manor*

Dated:  August 2, 2023

SO ORDERED

Dated:  8/2/23

By: _____
    HON. CATHY SIEIBEL, U.S.D.J.

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER: EXHIBIT A

On behalf of Westchester County, I have read and understand the foregoing Stipulated Confidentiality Agreement and Proposed Protective Order ("the Order"). The Order satisfies Westchester County's concerns regarding confidential information produced by Westchester County, and Westchester County agrees that the confidential information it produces will be subject to the procedural steps in the Order.

Justin R. Adin
Deputy County Attorney
148 Martine Avenue
6th Floor
White Plains, NY 10601
*Attorney for Westchester County*

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER: EXHIBIT B

I, _____, acknowledge that I have read and understand the Protective Order in this action governing non-disclosure of those portions of documents or information that have been designated as Confidential Information and agree to be bound by its terms. I understand that the Protective Order obligates me to use documents or information designated as Confidential Information solely for the purposes of the above-captioned case, and not to disclose any such documents or information derived directly therefrom to any other person, firm or entity. I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for matters relating to the Protective Order, and I understand that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

DATED: _____     BY: _____

                                           NAME: _____

                                           TITLE: _____