UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SAVE THE SOUND and ATLANTIC CLAM FARMS OF CONNECTICUT, INC.,
    Plaintiff,

v.

WESTCHESTER COUNTY, NY; TOWN/VILLAGE OF HARRISON; VILLAGE OF LARCHMONT; TOWN OF MAMARONECK; CITY OF NEW ROCHELLE; VILLAGE OF PELHAM MANOR; CITY OF RYE; VILLAGE OF RYE BROOK; and VILLAGE OF SCARSDALE,
    Defendant.

Case No. 15-CV-6323 (CS)

---

## SECOND AMENDED ORDER OF DISMISSAL WITH RESPECT TO DEFENDANT VILLAGE OF PORT CHESTER

    This Second Amended Consent Order is entered by the Court upon the agreement of Plaintiffs Save the Sound and Atlantic Clam Farms of Connecticut, Inc. (collectively, "Plaintiffs") and defendant Village of Port Chester ("Port Chester") (collectively, the "Parties").

    WHEREAS, Plaintiffs commenced this action asserting, *inter alia*, claims that Port Chester was in violation of provisions of the Clean Water Act (33 U.S.C. § 1365 *et seq.*);

    WHEREAS, Port Chester is obligated to comply with the applicable flow limits in the Westchester County Environmental Facilities Sewer Act set forth in Chapter 824 of the Laws of Westchester County ("County Sewer Act");

    WHEREAS, Port Chester represented that, in 2013, it commenced in a five-year plan for completing a sanitary sewer evaluation study ("SSES") to identify sources of inflow and infiltration that, when rehabilitated, would allow Port Chester to comply with the flow limits of the County Sewer Act;

    WHEREAS, Port Chester represented that, since 2013, it has been concurrently making repairs on an ongoing basis to its sanitary sewer system to eliminate inflow and infiltration and to remediate issues identified in the SSES;

1

WHEREAS, Port Chester was subject to an Administrative Order issued by the United States Environmental Protection Agency ("EPA"), dated August 5, 2010, concerning Port Chester's sewer system ("EPA Administrative Order");

WHEREAS, Port Chester entered into an intermunicipal agreement ("IMA") with the County of Westchester (the "County"), dated November 16, 2016, which requires, *inter alia*, Port Chester to complete its SSES to identify sources of inflow or infiltration that, when rehabilitated, would allow Port Chester to begin to comply with the applicable flow limits of the County Sewer Act;

WHEREAS, Plaintiffs and Port Chester agreed to the dismissal of this action as against Port Chester pursuant to the provisions of a consent order entered by the Court on October 12, 2017 ("Consent Order") (Docket No. 88), subject to this Court's retention of jurisdiction to enforce the Consent Order, as amended by an amended order of dismissal entered by the Court on April 27, 2020 ("Amended Order") (Docket No. 142);

WHEREAS, the termination date of the Amended Order was defined by "when the IMA and the EPA Administrative Order have been terminated by the County of Westchester and the EPA, respectively," Amended Order ¶ 13;

WHEREAS, the Parties intended that the commitments contained in the Amended Order did constitute binding, enforceable obligations, including certain deadlines;

WHEREAS, the Amended Order provided that Port Chester would complete all work required by its SSES by September 30, 2020 or incur stipulated Environmental Benefit Payments ("EBPs"), Amended Order ¶ 8;

WHEREAS, Port Chester completed all work required by its SSES by November 13, 2020, incurring EBPs of $11,600, which were directed towards producing a video for the Village's outreach and education for its new laterals, sump pumps, and grease trap laws;

WHEREAS, EPA has terminated the EPA Administrative Order;

WHEREAS, the IMA has not been terminated by the County of Westchester;

WHEREAS, data from flow monitoring performed in 2020 show that Port Chester reduced exceedances of the County Sewer Act's flow limitations from approximately 46% days of overages to approximately 14% days of overages (Ex. A at 76–93 (Appendix 4));

WHEREAS, on May 24, 2022, the New York State Department of Environmental Conservation ("DEC") issued a Notice of Violation to Port Chester for sanitary sewage overflows ("SSOs") from the Port Chester sanitary sewer system into the Byram River, a tributary to Long Island Sound, on the following dates: Dec. 4, 2019; Dec. 5, 2019; Aug. 31, 2021; Sept. 2, 2021; Oct. 26, 2021; and Feb. 16, 2022 (Ex. A at 45);

WHEREAS, Port Chester has conducted additional assessments of its sanitary sewer system and determined that inadequate capacity was a key cause of these SSOs, in addition to sources of inflow and infiltration and illicit connections (Ex. A at 4);

WHEREAS, Port Chester has adopted a five-year plan for ongoing improvements to its sanitary sewer system, attached hereto as Exhibit A (the "Five Year Plan"), providing for an additional $35 million in upgrades and repairs to its sanitary sewer system;

WHEREAS, the Five Year Plan includes additional smoke testing to identify and remediate ongoing issues within the Port Chester sanitary sewer system; replacing and upgrading the oldest pipes; revitalization and cleanup of the Port Chester storm sewer system, including bulkhead revitalization projects and sewer line improvements along the Byram River and Long Island Sound; additional enforcement efforts to eliminate illicit discharges of stormwater into Port Chester's sanitary sewer system; and capital investment to ensure Port Chester's sewers are prepared for future growth and maintenance costs;

WHEREAS, some elements of the Five Year Plan will eliminate sources of stormwater (such as inflow and infiltration and illicit connections) from the Port Chester sanitary sewer system, but the vast majority of the work is intended to increase the capacity of the Port Chester sanitary sewer system in light of past and projected population growth and/or to improve or modernize its riverfront and coastline infrastructure and buffer zones;

WHEREAS, the County and DEC are monitoring implementation of the Five Year Plan;

WHEREAS, Plaintiffs and Port Chester now agree to modify the consent order to establish a clear termination date for Plaintiffs' review of and the Court's ongoing jurisdiction over Port Chester's efforts to eliminate sources of stormwater from the Port Chester sanitary sewer system in order to achieve compliance with the Clean Water Act; and

WHEREAS, this Second Amended Order shall be submitted to the United Sates Department of Justice and the United States Environmental Protection Agency for the 45-day statutory review period, pursuant to 33 U.S.C. § 1365(c), prior to entry by the Court;

NOW, THEREFORE, without the trial of any issue of fact or law, without the admission by Port Chester of any of the facts or violations alleged in the Complaint, upon consent of the Parties, and upon consideration of the mutual promises contained herein,

**IT IS HEREBY STIPULATED BETWEEN THE PARTIES AND ORDERED, ADJUDGED AND DECREED BY THE COURT AS FOLLOWS:**

1. This Second Amended Order shall come into effect on the date it is entered by the Court (the "Effective Date").

2. Port Chester agrees and admits that it has an obligation to comply with the applicable flow limits of the County Sewer Act.

3

3. By December 31, 2023, Port Chester shall provide to Plaintiffs copies of all reports it has submitted to the EPA, the New York State Department of Environmental Conservation, and the County of Westchester concerning Port Chester's efforts to comply with the Clean Water Act, the IMA, the Five Year Plan, or the flow limits of the County Sewer Act.

4. By December 31, 2023, Port Chester shall provide the information in the Repair Information Sheet, attached hereto as Exhibit B, to Plaintiffs.

5. Port Chester shall pay a sum of fifteen thousand dollars ($15,000) as full and complete satisfaction of Plaintiffs' claims for attorneys' fees and costs incurred to date, including for monitoring compliance with the prior orders of this Court. Port Chester has placed the payment in escrow with its attorney. Port Chester hereby authorizes and instructions its attorney to transfer the payment to Super Law Group within five (5) business days of the Effective Date by check or electronic transfer. A check shall be payable to "Super Law Group, LLC Attorney Trust – IOLA" and will be deposited in Super Law Group's IOLA Trust Account for the benefit of Plaintiffs.

6. Plaintiffs and Port Chester agree that the deadlines and obligations contained in this Second Amended Order do not affect or modify any dates or deadlines for Port Chester to perform any act that are contained in any other order or agreement or as required by law.

7. This Second Amended Consent Order shall not constitute an admission of liability or responsibility for any claims, costs, or damages asserted in the Complaint. This Second Amended Consent Order shall not be useable by any party in any action or proceeding, except in any action or proceeding brought to enforce the terms of this Second Amended Order.

8. Notwithstanding the dismissal of the litigation against Port Chester, the Court shall maintain jurisdiction over Port Chester for the purpose of enforcing the terms of this Second Amended Order. Unless a motion seeking to enforce this order is filed with the Court on or before March 31, 2024, this Court's jurisdiction over Port Chester for the purpose of enforcing this Second Amended Order shall terminate on April 1, 2024.

Dated: 11/27/23

Village of Port Chester

By: ANTHONY M. CERRETO
Title: VILLAGE ATTORNEY

4

Dated: 11/29/2023

Save the Sound

By: Roger Reynolds
Title: Senior Legal Director

Dated: _____

Atlantic Clam Farms of Connecticut, Inc.

By: _____
Title: _____

ENTERED and DATED this ___ day of _____, 2023

_____
Honorable Cathy Seibel
United States District Judge

5

Dated: _____ Save the Sound

_____
By:
Title:

Dated: Nov. 30, 2023 Atlantic Clam Farms of Connecticut, Inc.

_____
By: Edan Rotenberg
Title: Attorney for Atlantic Clam Farms of Connecticut, Inc. with permission of Edward Stilwagen, President

ENTERED and DATED this 22nd day of January 2024 ~~2023~~

_____
Honorable Cathy Seibel
United States District Judge

The Clerk shall terminate ECF No. 278.

5