UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
SAVE THE SOUND and ATLANTIC CLAM
FARMS of CONNECTICUT, INC.,

        Plaintiffs,

        v.                                            Case No. 7:15-cv-06323-CS

WESTCHESTER COUNTY, NY; TOWN/VILLAGE
OF HARRISON; VILLAGE OF LARCHMONT;
TOWN OF MAMARONECK; CITY OF NEW
ROCHELLE; VILLAGE OF PELHAM MANOR;
CITY OF RYE; VILLAGE OF RYE BROOK; and
VILLAGE OF SCARSDALE,

        Defendants.
---------------------------------------------------------------- X

## AMENDED ORDER OF DISMISSAL WITH RESPECT TO DEFENDANT VILLAGE OF MAMARONECK

This Amended Consent Order is entered by the Court upon the agreement of Plaintiffs Save the Sound and Atlantic Clam Farms of Connecticut, Inc. (collectively, "Plaintiffs") and defendant Village of Mamaroneck ("Mamaroneck") (collectively, the "Parties").

WHEREAS, Plaintiffs commenced this action asserting, *inter alia*, claims that Mamaroneck was in violation of provisions of the Clean Water Act ("CWA"), 33 U.S.C. § 1365 *et seq.*;

WHEREAS, Mamaroneck entered into a Consent Order with the County of Westchester on December 19, 2014, modified on April 8, 2015 ("County Consent Order") concerning Mamaroneck's sewer system;

WHEREAS, Mamaroneck entered into an intermunicipal agreement ("IMA") with the County of Westchester, dated November 16, 2016, which required, among other things, that Mamaroneck complete its Sanitary Sewer Evaluation Study ("SSES"), remediate sources of inflow and infiltration, and comply with the flow limits in the Westchester County Environmental Facilities Sewer Act set forth in Chapter 824 of the Laws of Westchester County ("County Sewer Act");

1

WHEREAS, Plaintiffs and Mamaroneck agreed to and signed the dismissal of this action as against Mamaroneck pursuant to the provisions of a consent order entered by the Court on November 8, 2017 (Docket No. 92) ("2017 Consent Order"), subject to this Court's retention of jurisdiction to enforce the Consent Order;

WHEREAS, Mamaroneck agreed in the 2017 Consent Order that it has an obligation to comply with the applicable flow limits of the County Sewer Act;

WHEREAS, the Parties intended that the commitments contained in the 2017 Consent Order did constitute binding, enforceable obligations, including certain deadlines;

WHEREAS, Mamaroneck did not timely complete the obligations of the 2017 Consent Order, but has continued to perform remediation work;

WHEREAS, on January 5, 2024, Mamaroneck demonstrated to Plaintiffs that all sewer system inflow and infiltration repairs in Meter Areas 8, 11, 13, and 14 of the Village (Phase I repairs) have been completed at a cost of approximately $6,500,000;

WHEREAS, the Mamaroneck Village Board of Trustees has authorized the Village Manager to spend up to $3,500,000 for sewer system inflow and infiltration repairs in Meter Areas 7, 9, and 10 and the West Basin of the Village (Phase II repairs) and the Village Manager has executed a contract with a contractor to complete those repairs;

WHEREAS, on January 5, 2024, Mamaroneck demonstrated to Plaintiffs that repairs in Meter Areas 7, 9, and 10 have commenced and provided Plaintiffs with detailed work plan diagrams and a master spreadsheet tracking all repairs in Meter Areas 7, 9, and 10 and the West Basin;

WHEREAS, Plaintiffs and Mamaroneck now agree to modification of the 2017 Consent Order for the purpose of extending certain deadlines; and

WHEREAS, the Parties intend that the commitments contained in this Amended Consent Order shall constitute binding, enforceable obligations;

NOW, THEREFORE, without the trial of any issue of fact or law, without the admission by Mamaroneck of any of the facts or violations alleged in the Complaint, upon consent of the Parties, and upon consideration of the mutual promises contained herein,

**IT IS HEREBY STIPULATED BETWEEN THE PARTIES AND ORDERED, ADJUDGED AND DECREED BY THE COURT AS FOLLOWS:**

## I. JURISDICTION AND VENUE

1. **Jurisdiction.** Jurisdiction over this action is conferred by 28 U.S.C. § 1331 (federal question), and 33 U.S.C. § 1365(a) (Clean Water Act jurisdiction). Plaintiffs have standing and have complied with the statutory notice requirements under the CWA, 33

U.S.C. § 1365(a)(1), and the corresponding regulations at 40 C.F.R. § 135.2. An actual, justiciable controversy exists between the Parties. The requested relief is proper under 28 U.S.C. §§ 2201, 2202, and 33 U.S.C. § 1365(a).

2. **Venue.** Venue is properly vested in this Court pursuant to 33 U.S.C. § 1365(c)(1), because Mamaroneck is located, and the events giving rise to this action occurred, within this judicial district.

3. **Consent.** For purposes of this Order, or any action to enforce this Order, Mamaroneck consents to the Court's jurisdiction over this Order. For purposes of this Order, Mamaroneck consents to venue in this judicial district.

## II. APPLICABILITY

4. The provisions of this Order supersede any previous agreement of the parties and is intended to replace the terms of the 2017 Consent Order. The provisions of this Order shall apply to and be binding upon Plaintiffs, Mamaroneck, and their officers, directors, agents, and employees acting in their official capacities.

5. No transfer of any ownership interest in or any interest in the operation of Mamaroneck's Sanitary Sewer System, whether in compliance with this paragraph or otherwise, shall relieve Mamaroneck of its obligation to ensure that the terms of this Order are implemented unless the transferee agrees to be added as a party to this Order and to be liable to undertake the obligations required by all provisions of this Order. In the event of such a transfer, Mamaroneck will remain a party to this Order and will remain jointly and severally liable for satisfaction of the obligations it imposes, unless the transferee is the County of Westchester or a newly formed county sewer authority or other governmental entity formed by or at the request of Westchester County, in which case Mamaroneck will be relieved of its obligations under this Order upon the completion of the transfer. At least thirty (30) days prior to such transfer, Mamaroneck shall provide a copy of this Order to the proposed transferee and shall simultaneously provide written notice of the prospective transfer, together with a copy of the above-referenced proposed written agreement, to Plaintiffs, in accordance with Section XVI. Any noncompliance with this paragraph constitutes a violation of this Order.

6. Mamaroneck shall provide a copy of this Order to the Mayor and members of the Board of Trustees, the Village Manager, the Assistant Village Manager and the Village's consulting engineers.

7. The parties will meet and renegotiate the obligations of this Order if agreement is later reached between Mamaroneck and Westchester County on reallocation of sewer investment and/or maintenance responsibilities between the County and Mamaroneck.

## III. OBJECTIVES

8. It is the express purpose of the Parties in entering into the Order to require Mamaroneck to take all measures necessary, as set forth in this Order, to fulfill the objectives of the CWA and any applicable federal or state regulations.

3

9. It is the express purpose of the Parties in entering into this Order to ensure that Mamaroneck complies with the applicable flow limits of the County Sewer Act.

10. It is the express purpose of the Parties in entering into this Order to implement sewer system management practices, as set forth in this Order, that will reduce Mamaroneck's sewage spills to zero over time.

## IV. DEFINITIONS

11. Unless otherwise expressly provided herein, terms used in this Order which are defined in the CWA or in regulations promulgated under the CWA shall have the meaning ascribed to them in the CWA or in the regulations promulgated thereunder. Whenever the terms listed below are used in this Order, the following definitions shall apply:

    a. "The Agencies" shall mean the United States Environmental Protection Agency and the United States Department of Justice.

    b. Date of Execution shall mean the date on which this Order has been fully executed by the Parties.

    c. Edgewater Pump Station Gravity Main shall mean the sewer line entering the pump station near Flagler Drive and Orienta Avenue that conveys flow originating in the Edgewater Point neighborhood.

    d. Effective Date shall mean the day the Court enters this Order after the expiration of the forty-five (45) day review period required by 33 U.S.C. § 1365(c)(3).

    e. Service Areas 7, 8, 9, 10, 11, 13, and/or 14 shall mean the areas within the Village of Mamaroneck delineated as "Meter [X] Service Area" on the map attached to this Order as Appendix D (where the appropriate number is substituted for "[X]").

    f. West Basin shall mean the area within the Village of Mamaroneck delineated as the "West Basin Pump Station Service Area" on the map attached to this Order as Appendix D.

## V. PAYMENTS

12. **Environmental Benefit Payment.** Mamaroneck shall pay $350,000 to the Westchester County Soil and Water Conservation District ("EBP Recipient") all of which shall be for use on projects relating to the reduction, mitigation, and/or remediation of pollution or of the effects of pollution in the Long Island Sounds and its tributary waters in or near the waters adjacent to Mamaroneck. The payment will be placed in escrow with Mamaroneck's attorney within thirty (30) days of the Parties' execution of this Order and will be transferred to the EBP Recipient on or before the 7th day after the Effective Date of this Order. None of this payment shall be disbursed to Plaintiffs. If, for any reason, the Westchester County Soil and Water Conservation District should decline to

4

receive the Environmental Benefit Payment, the Parties agree to continue negotiations in good faith to agree upon a substitute EBP Recipient.

13. **Fees, Costs, and Expenses.** Mamaroneck shall pay a sum of $150,000 as full and complete satisfaction of Plaintiffs' claims for attorneys' fees and costs incurred to date, including investigative and expert costs, against Mamaroneck. The payment will be placed in escrow with Mamaroneck's attorney within thirty (30) days of the Parties' execution of this Order and will be transferred to Plaintiffs' attorney on or before the 7th day after the Effective Date of this Order. The check shall be payable to "Super Law Group, LLC – IOLA Attorney Trust Account". Payments will be deposited in Super Law Group's IOLA Trust Account for the benefit of the Plaintiffs.

14. **Compliance Monitoring Fees – Engineering.** Plaintiffs intend to engage the consulting services of a professional engineer licensed in the State of New York ("Consulting Engineer") to monitor Mamaroneck's compliance with this Order, and as necessary for mediation assistance in connection with Dispute Resolution (Section XIII). Within thirty (30) days of the Effective Date, Plaintiffs shall provide Mamaroneck with their Consulting Engineer's name, address, telephone number, e-mail address, W-9, and any other necessary payment information, and shall keep Mamaroneck informed of any changes to this information going forward. Mamaroneck agrees to pay the reasonable fees and costs for the work to be performed by Plaintiffs' Consulting Engineer, in an amount not to exceed $3,000 in any calendar year during the Term of this Order, but not more than a total of $15,000 up to and including the Termination Date. Plaintiffs' Consulting Engineer shall issue invoices and statements directly to Mamaroneck that explain the fees and costs charged for this work, and Mamaroneck's payments pursuant to this paragraph shall be made directly to Plaintiffs' Consulting Engineer within sixty (60) days of Mamaroneck's receipt of the invoice.

15. **Compliance Monitoring Fees – Legal.** As reimbursement for Plaintiffs' future legal and administrative fees and costs that will be incurred in order to monitor Mamaroneck's compliance with this Order, Mamaroneck agrees to pay reasonable fees and costs for this work performed by Plaintiffs' counsel and Plaintiffs' staff, in an amount not to exceed $3,000 in any calendar year until this Order terminates. Fees and costs reimbursable pursuant to this paragraph may include, but are not limited to, those incurred by Plaintiffs or their counsel to conduct site inspections, review of engineering reports, review of annual reports, discussion with representatives of Defendants concerning potential changes to compliance requirements, preparation and participation in mediation or otherwise in connection with Dispute Resolution (Section XIII), and similar tasks. This cap does not apply if Dispute Resolution leads to the filing of a motion with the Court. Plaintiffs' counsel shall provide an annual invoice, containing itemized descriptions for any fees and costs claimed over the prior twelve (12) month period. Mamaroneck shall make payment by check, payable to "Super Law Group, LLC – IOLA Attorney Trust Account," within sixty (60) days of receipt of such invoice. Payments will be deposited in Super Law Group's IOLA Trust Account for the benefit of the Plaintiffs.

## VI. FEDERAL REVIEW OF ORDER

16. **Review by Agencies.** The Parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), this Order cannot be entered until forty-five (45) days after the receipt of a copy of the proposed Order by the Agencies. Therefore, upon signing of this Order by the Parties and the adoption by the Board of Trustees of the Village of the local law referred to in Paragraph 60, below, Plaintiffs shall serve copies of this Order upon the EPA Administrator, the Regional EPA Administrator, and the Attorney General for review, as required by 40 C.F.R. § 135.5. If for any reason the United States should decline to approve this Order in the form presented, the Parties agree to continue negotiations in good faith to cure any objection to entry of this Order raised by the United States.

17. **Entry of Order.** Upon the expiration of the forty-five-day review period provided by 33 U.S.C. § 1365(c)(3), Plaintiffs shall move the Court for entry of this Order on papers previously reviewed and agreed to by Mamaroneck's counsel. This Order shall take effect on the date it is entered by this Court. If for any reason the Court should decline to approve this Order in the form presented, the Parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Order.

## VII. REMEDIAL MEASURES

18. **Intended Effect of Remedial Measures and Operational and Management Measures.** The Measures set forth in Sections VII – X and the Appendices referenced therein are intended to further Mamaroneck's ongoing efforts to improve management of its Sanitary Sewer System, to reduce inflow and infiltration, to address sanitary sewer overflows, to achieve compliance with the County Sewer Act, and to develop information necessary to determine compliance with the requirements of this Order, the County Sewer Act, and the Clean Water Act.

19. Table of Remedial Measures. Mamaroneck shall complete the following tasks and submit the following Deliverables on the schedule set forth in this table:

| Date | Task or Deliverable |
| --- | --- |
| Mar. 1, 2024 | Confirm (with evidence) that all previously inaccessible manholes in Mamaroneck were located and raised to grade, including, without limitation, Manhole No. 65182. |
| Dec. 31, 2024 | Confirm (with evidence) that all pipe segments in West Basin identified with a structural rating of 2 or 3, corresponding to all pipe segments colored red or orange on the map attached as Appendix C, have been successfully rehabilitated. |
| Dec 31, 2024 | Confirm (with evidence) that all repairs in Areas 7, 9, and 10 as set forth in contract are complete. |

6

| Dec 31, 2024 | Submit to Plaintiffs report detailing completion of all action necessary to terminate all known illicit connections in Areas 7, 8, 9, 10, 11, 13, and 14. |

With respect to the reports and field investigations of sewer conditions detailed above, repairs shall be scheduled in accordance with the standards of defect classification and schedules for repairs of classified defects set forth in Mamaroneck's Capacity, Management, Operation, & Maintenance ("CMOM") plan, attached as Appendix B.

20. **Completion and Certification.** On or before December 31, 2024, Mamaroneck shall remove the identified sources of inflow and infiltration from its sewer system sufficient to comply with the applicable flow limits of the County Sewer Act and provide Plaintiffs with a full, written report of all repairs completed pursuant to the terms of this Order and the 2017 Consent Order.

21. **Failure to Complete.** Should Mamaroneck fail to perform any remedial measure defined in Paragraph 19 within the time required by Paragraph 19, or any obligation that comes into effect pursuant to Paragraph 23 or 25 within the times set forth in Paragraphs 23 and 25, Mamaroneck will incur penalties, to be paid as an additional Environmental Benefit Payment to the EBP Recipient, as follows:

| Time Period | Penalty |
|---|---|
| 1–15 days late | $100 per day |
| 16–30 days late | $300 per day |
| 31–60 days late | $400 per day |
| 61+ days late | $500 per day |

### VIII. OPERATIONAL AND MANAGEMENT MEASURES

22. **Capacity, Management, Operation, & Maintenance ("CMOM").** Mamaroneck shall operate its sewer system subject to the further terms and conditions found in its CMOM, attached as Appendix B.

### IX. FLOW MONITORING AND ACHIEVING COMPLIANCE WITH THE COUNTY SEWER ACT

23. **Flow Monitoring.** Mamaroneck shall perform flow monitoring in (1) Meter Areas 8, 11, 13, and 14, commencing no earlier than March 1, 2024 and no later than May 1, 2024, and (2) Meter Areas 7, 9, and 10 and the West Basin, commencing no earlier than March 1, 2025 and no later than May 1, 2025. The flow monitoring shall be conducted at the same manhole locations where flow monitoring took place in Mamaroneck in 2009–2011 under the County flow monitoring study.

24. Mamaroneck shall comply with the County Sewer Act's flow limits as set forth at Section 824.72 of the County Sewer Act as determined by Westchester County.

25. Mamaroneck shall provide to Plaintiffs a written summary and analysis of the flow monitoring performed in Meter Areas 8, 11, 13, and 14 pursuant to Paragraph 23, with underlying data, on or before August 1, 2024. Mamaroneck shall provide to Plaintiffs a written summary and analysis of the flow monitoring performed in Meter Areas 7, 9, and 10 and the West Basin pursuant to Paragraph 23, with underlying data, on or before August 1, 2025. At the conclusion of the flow monitoring, and not later than October 1, 2025, Plaintiffs and Mamaroneck shall jointly request that the Westchester County Department of Environmental Facilities evaluate whether Mamaroneck has achieved compliance with the County Sewer Act.

26. Until this Order terminates, any disagreement between the parties regarding Mamaroneck's compliance with the County Sewer Act shall be addressed through the Dispute Resolution Procedure (Section XIII).

## X. REPORTING OBLIGATIONS

27. Until this Order terminates, Mamaroneck shall provide to Plaintiffs copies of all reports it submits to the EPA, the New York State Department of Environmental Conservation, and the County of Westchester concerning Mamaroneck's sewer system, including all efforts to comply with the County Consent Order, this Consent Order, the IMA or the flow limits of the County Sewer Act.

28. Until this Order terminates, on or before September 15th of each year Mamaroneck shall provide an updated Repair Information Sheet, attached as Appendix A, to Plaintiffs.

29. Until this Order terminates, on or before the last day of March, June, September, and December of each year Mamaroneck shall provide Plaintiffs with a Quarterly Report. The Quarterly Report shall report on:

    a. progress toward completion of each remedial measure listed in Paragraph 19.
    b. foreseeable obstacles to attainment of any of Mamaroneck's obligations;
    c. the causes and responses to any sanitary sewer overflows in the prior quarter, and any changes to the CMOM or to sewer operating practices adopted in response;
    d. newly discovered defects in Mamaroneck's sewer system;
    e. implementation of the CMOM (including any failure to achieve periodic cleaning or inspection targets);
    f. modifications to the CMOM; and
    g. in the final Quarterly Report of each calendar year, Mamaroneck shall report on the following metrics related to implementation of Mamaroneck's sewer lateral law (Village Code, Chapter 282, Article IV):
        i. the number of properties in Mamaroneck that are subject to the law;
        ii. the number of renewal events as defined in that law;
        iii. the number of inspections upon renewal event conducted by a plumber, the Building Inspector or his designee;

   iv. the number of instances in which the Building Inspector required a property owner to make a repair; and

   v. the number of convictions entered under § 282-15.3.

Mamaroneck shall make a representative available to discuss any questions or issues arising out of a Quarterly Report within ten (10) days of Plaintiffs' request to discuss an issue with a Quarterly Report.

30. On or before February 1 of each year until this Order terminates, Mamaroneck shall publish on its website and provide to Plaintiffs a copy of the sewer map that Mamaroneck files with the County on January 15, pursuant to Section 824.73 of the County Sewer Act. The map shall be provided both in an agreed GIS format and in an agreed electronic document format (such as PDF).

31. On or before September 15 of each year until this Order terminates, Mamaroneck shall publish on its website and provide to Plaintiffs:

  a. An electronic copy of the plan for Mamaroneck's maintenance and repair program that Mamaroneck files with the County on September 1, pursuant to Section 824.72(7) of the County Sewer Act;

  b. An electronic copy of its current CMOM;

  c. A record of all callouts and related field notes, with identification of corrective actions taken in response in the preceding year;

  d. A record of all spill reports filed by Mamaroneck pursuant to the Sewage Pollution Right to Know Act (NY ECL §17-0826-a);

  e. A copy of the resolution, with supporting materials, prepared by Village staff for the Board of Trustees recommending a sewer rate for the upcoming fiscal year to cover operational and capital costs, as set forth in Section 5.1 of the CMOM;

  f. A copy of the Village's sanitary sewer capital plan.

## XI. DELIVERABLES

32. A "Deliverable" is any plan, report, map, or other item that Mamaroneck is required to submit to Plaintiffs pursuant to this Order. A Deliverable shall be submitted to Plaintiffs as provided in Section XVI of this Order.

33. Mamaroneck shall submit any significant modification or amendment of any Deliverable to Plaintiffs. Significant modification or amendment includes, but is not limited to, any modification or amendment of a deadline or required action set forth in a Deliverable.

34. If Plaintiffs believe that a Deliverable does not comply with the requirements or objectives of this Order, Plaintiffs may respond to any Deliverable or amended Deliverable with written comments.

35. Within forty-five (45) days of receiving Plaintiffs' written comments, Mamaroneck shall either: (a) alter its submission consistent with Plaintiffs' written comments or (b) submit the matter for dispute resolution under Section XIII of this Order.

36. For each day Mamaroneck fails to timely submit any Deliverable, a stipulated Environmental Benefit Payment payable to the EBP Recipient for each such Deliverable will be assessed to Mamaroneck as follows:

| Time Period | Penalty |
|---|---|
| 1–15 days late | $100 per day |
| 16–30 days late | $300 per day |
| 31–60 days late | $400 per day |
| 61+ days late | $500 per day |

In addition, should Mamaroneck fail to provide a Deliverable within thirty (30) days, Mamaroneck will be responsible for any fees or costs incurred by Plaintiffs in monitoring and enforcing compliance with this Section of the Order, in addition to the compliance monitoring payments outlined in Section V. The Deliverables referred to in this section do not include any remedial measure defined in Paragraph 19 or referred to in Paragraph 21.

## XII. FORCE MAJEURE

37. "Force Majeure," for purposes of this Order, is defined as any event arising from causes entirely beyond the control of Mamaroneck, of any entity controlled by Mamaroneck, or of Mamaroneck's engineers, consultants, and contractors that delays or prevents the timely performance of any obligation under the Order notwithstanding Mamaroneck's best efforts to fulfill the obligation. "Force Majeure" does not include Mamaroneck's financial inability to perform any obligation under this Order.

38. Force Majeure specifically includes any legal action, such as an action under Article 78 of the Civil Practice Law and Rules, brought against Mamaroneck by any non-party to this agreement challenging Mamaroneck's decision to enter into a contract with any vendor to perform services or supply goods necessary to meet Mamaroneck's obligations under this Order, if such legal action delays or prevents the timely performance of any obligation under the Order notwithstanding Mamaroneck's best efforts to fulfill the obligation.

39. The requirement that Mamaroneck exercise "best efforts" means to avoid delay to the greatest extent reasonably feasible by: (a) anticipating and preparing for potential Force Majeure events, using tools such as weather forecasting; (b) mitigating the effects of a

Force Majeure event as it is occurring; and (c) mitigating such effects after a Force Majeure event has occurred.

40. If any event occurs that may delay or prevent the performance of any obligation under this Order, whether or not caused by a Force Majeure event, Mamaroneck shall notify Plaintiffs via email within 20 working days after Mamaroneck first knew or should have known that the event would cause a delay. Within 30 additional working days thereafter, Mamaroneck shall submit to Plaintiffs a written memorandum including: (a) an explanation of the cause(s) of any actual or expected delay or noncompliance; (b) the anticipated duration of any delay; (c) the measure(s) taken and to be taken by Mamaroneck to prevent or minimize the delay; (d) a proposed schedule for the implementation of such measures; and (e) a statement as to whether, in the opinion of Mamaroneck, such event may cause or contribute to an endangerment to public health, welfare, or the environment.

41. If Plaintiffs agree that a delay or anticipated delay is attributable to Force Majeure, the time for performance of the obligations under this Order that are affected by the Force Majeure event shall be extended for a period of time as is reasonably necessary to complete these obligations. If the Parties cannot agree on the period of time reasonably necessary, the Parties may initiate the dispute resolution process set forth in Section XIII.

42. If Plaintiffs do not agree the delay or anticipated delay is attributable to Force Majeure, or on the number of days of noncompliance caused by such event, Plaintiffs will notify Mamaroneck in writing. Mamaroneck may then elect to initiate the dispute resolution process set forth in Section XIII. If Mamaroneck does not initiate the dispute resolution process within 30 days of receiving Plaintiffs' written notice under this paragraph, then Mamaroneck shall be deemed to have waived any Force Majeure claims or any rights to initiate dispute resolution with regard to such claims.

43. Delay in performance of any obligation under this Order shall not automatically justify or excuse delay in complying with any subsequent obligation or requirement of this Order.

## XIII. DISPUTE RESOLUTION

44. The Dispute Resolution procedure of this Section shall be the exclusive mechanism to resolve any disputes arising under this Order.

45. **Initiation.** The Dispute Resolution procedure shall be initiated on the date one Party provides written notice, as provided in Section XVI, specifically referencing this paragraph and stating that there is a dispute. Such notice shall clearly state the matter in dispute and shall reference the appropriate Section(s) and/or Paragraph(s) of this Order.

46. **Informal Negotiation Period.** Any dispute that is initiated under this Order shall initially be subject to a period of informal negotiations, which shall not extend beyond thirty (30) days after the notice of initiation unless the Parties agree, in writing, to an extension. The Parties may also agree, in writing, to bypass negotiation and file a dispute resolution motion with the Court.

47. **Dispute Resolution Motion.** If the terms of the paragraph above are met, either Party may file a Dispute Resolution motion with the court. The motion shall refer to this Order and paragraph and shall set forth the nature of the dispute and a proposal for its resolution. The opposing Party shall have thirty (30) days in which to file a response with an alternate proposal for resolution.

48. Nothing in this Section should be interpreted to limit the Court's inherent authority to enforce its orders, including through the use of contempt or other sanctions.

## XIV. INFORMATION COLLECTION AND RETENTION

49. Plaintiffs and their contractors, consultants, and attorneys shall have authority to enter any property or facility owned or controlled by Mamaroneck, at all reasonable times, upon reasonable notice and proper identification, for the purposes of: (a) monitoring the progress of activity required by this Order; (b) verifying any data or information submitted to Plaintiffs under this Order; (c) assessing Mamaroneck's compliance with this Order; (d) obtaining samples and, upon request, splits of any samples taken by Mamaroneck or its representatives, contractors, or consultants; and (e) obtaining documentary evidence, including photographs and similar data related to compliance with this Order. Upon request, Plaintiffs shall provide Mamaroneck splits of any samples taken.

50. Mamaroneck shall retain all non-identical copies of all documents, records, and other information (including documents, records, or other information in electronic form) generated by Mamaroneck, and all data collected and all reports generated by Mamaroneck's contractors (including data and reports in electronic form), that relate in any manner to Mamaroneck's performance of its obligations under this Order for three (3) years from the date on which this Amended Consent Order is terminated in accordance with Section XVIII. This information retention requirement shall apply regardless of any contrary corporate or institutional policies or procedures. At any time during this information-retention period, upon request by the Plaintiffs, Mamaroneck shall provide copies of any documents, records, or other information required to be maintained under this paragraph.

51. No documents, records, data, reports, or other information created or generated pursuant to the requirements of this Order shall be withheld on grounds of privilege or on grounds of protection from disclosure.

## XV. EFFECT OF SETTLEMENT

52. This Order resolves the civil claims of Plaintiffs for the violations alleged in their Complaints filed in this action through the Date of Execution and any violations of the Clean Water Act related to sewage discharges by Mamaroneck that could have been alleged through the Date of Execution.

53. This Order shall not constitute an admission of liability or responsibility for any claims, costs, or damages asserted in the Complaint. This Order shall not be useable by any party

12

in any action or proceeding, except in any action or proceeding brought to enforce the terms of this Order.

54. Mamaroneck's compliance with this Order shall be no defense to any action commenced pursuant to any applicable federal, state, or local laws, regulations, or permits, except as set forth herein. Plaintiffs do not, by their consent to the entry of this Order, warrant or aver in any manner that Mamaroneck's compliance with any aspect of this Order will result in compliance with provisions of the CWA or with any other provisions of federal, State, or local laws, regulations, or permits. Plaintiffs and Mamaroneck agree that the deadlines and obligations contained in this Order do not affect or modify any dates or deadlines for Mamaroneck to perform any act that are required by any other order or agreement, other than the 2017 Consent Order, or as required by law.

55. This Order does not limit any rights or remedies available to the United States or the State.

56. The Plaintiffs reserve all rights and remedies, legal and equitable, available to enforce the provisions of any dispute resolution made under Section XIII through an order of contempt or other appropriate form of redress. In any such enforcement action, judgment may be entered.

57. This Order does not limit or affect the rights of Mamaroneck or the Plaintiffs against any third parties not party to this Order, nor does it limit the rights of third parties not party to this Order against Mamaroneck, except as otherwise provided by law.

58. This Order shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Order.

## XVI. NOTICES

59. Any notice, demand, copies of documents and other communications, or Deliverable (as defined in Section XI of this Order) required to be made under the provisions of this Order (collectively, "Notices") by any Party hereto shall be effective only if in writing and (a) (sent by a nationally recognized courier service (*e.g.*, Federal Express) or (b) sent by electronic mail, with receipt confirmed by both individuals accepting notice on behalf of the counterparty via electronic mail to the Parties at their respective addresses set forth below.

Notices for Plaintiffs shall be sent to:

Edan Rotenberg
Super Law Group, LLC
222 Broadway, 22nd Floor
New York, NY 10038
edan@superlawgroup.com

Roger Reynolds
Save the Sound

13

127 Church St., 2nd Floor
New Haven, CT 06510
rreynolds@savethesound.org

Notices sent to the individuals listed above at the address listed above shall be deemed as notice to Plaintiffs.

Notice for Mamaroneck shall be sent to:

Village of Mamaroneck
Village Hall at the Regatta
123 Mamaroneck Avenue
Mamaroneck, NY 10543
Attn: Dan Sarnoff, Deputy Village Manager
dsarnoff@vomny.org

Robert A. Spolzino
Abrams Fensterman, LLP
81 Main Street, White Plains, NY 10601
rspolzino@abramslaw.com

Notices sent to the individuals listed above at the address listed above shall be deemed as notice to Mamaroneck.

Each Party shall promptly notify the other Party of any change in the above-listed contact information by using the procedures set forth in this paragraph.

## XVII. EFFECTIVE DATE

60. This Amended Consent Order is contingent upon the adoption by the Board of Trustees of the Village, within 30 days of the Date of Execution, of a local law amending Part B of the definition of "Plumber's Certification" set forth in Village Code § 282-13 to provide as follows: "Has inspected the real property and (i) found that there are no culverts, drains, hoses, leaders, lines, pipes or pumps that discharge liquids into the sanitary sewer, (ii) identified the number and location of any sump pumps on the premises and describe the method and location through which the sump system discharges accumulated liquids, and (iii) certified that all sump pumps on the premises are connected to a discharge system that cannot connect to the public sewer."

61. Under Section 505(c)(3) of the Clean Water Act, Plaintiff will provide a copy of this Order to the United States Environmental Protection Agency ("EPA") and the United States Department of Justice ("DOJ"), and the Court may not enter the Order prior to forty-five (45) days from the date the Order is received by EPA and DOJ. 33 U.S.C. § 1365(c)(3). In the event EPA or DOJ comments raise concerns on the provisions of this Order during the review period, the Parties agree to meet and confer to attempt to resolve any issue(s) raised by EPA or DOJ. At the end of the forty-five (45) day review period, or after receipt of comments from EPA or DOJ, whichever occurs first, the Parties will

jointly notify the Court of any comments received from EPA or DOJ, any resolution of those comments, and move the Court to enter the Order. The Order becomes effective on the date signed and issued by the Court.

## XVIII. TERMINATION

62. This Amended Consent Order will terminate when: (1) Mamaroneck completes the measures set forth in Paragraphs 19, 20, 23 and 25; and (2) the County of Westchester determines that Mamaroneck has completed all required remediation and construction under the IMA and County Consent Order, and has complied with the flow limits of the County Sewer Act as determined by the County through an engineering review, flow monitoring, or a combination of the two, and Mamaroneck's CMOM has been approved by the County.

## XIX. RETENTION OF JURISDICTION

63. Notwithstanding the dismissal of the litigation against Mamaroneck, the Court shall maintain jurisdiction over the parties for purposes of (a) implementing the Dispute Resolution provision of Section XIII; (b) enforcing the terms of this Order as determined in the Dispute Resolution Procedure; and (c) determining any application by Plaintiffs for an award of attorneys' fees and costs to be paid by Mamaroneck based upon Mamaroneck's failure to comply with any resolution under the Dispute Resolution Procedure.

64. Plaintiffs and Mamaroneck reserve all rights in connection with any application seeking to enforce this Amended Consent Order or for an award of attorneys' fees and costs based upon failure to comply with any resolution under the Dispute Resolution Procedure.

## XX. MISCELLANEOUS

65. **Entire Agreement.** This Order and its Appendices contain the entire agreement between the Parties and supersedes any previous agreement of the Parties. No modifications shall be valid unless in writing, mutually agreed to, and executed by the Parties and entered by the Court; except that the Parties may mutually agree in writing to minor modifications of this Order without further consent of the Court and such written minor modifications shall be deemed incorporated into this Order.

66. **No assignment.** Plaintiffs may not assign any of the rights granted to Plaintiff under this Order.

67. **Representatives.** Each undersigned representative of Mamaroneck and Plaintiffs certifies that he or she is fully authorized to enter into the terms and conditions of the Order and to execute and legally bind the Party he or she represents to this document.

68. **Execution in Counterparts.** This Order may be signed in counterparts, and its validity shall not be challenged on that basis.

69. **Headings.** The section and paragraph headings contained in this Stipulated Order are for reference purposes only and shall not affect in any way the meaning or interpretation of this order.

70. **Severability.** In the event that any of the provisions of this Order are held by a court to be unenforceable, the validity of the enforceable provisions shall not be adversely affected.

71. **Interpretation.** The provisions contained herein shall not be construed in favor of or against any Party because that party or its counsel drafted this Order, but shall be construed as if all Parties prepared this Order, and any rules of construction to the contrary are hereby specifically waived. The terms of this Order were negotiated at arm's length by the Parties hereto. The language in all parts of this order shall be construed according to its plain and ordinary meaning, except as to those terms defined by the Clean Water Act or specifically herein.

## XXI. FINAL JUDGMENT

72. Entry of this Order constitutes Final Judgment under Rule 54 of the Federal Rules of Civil Procedure.

## XXII. APPENDICES

73. The following appendices are hereby incorporated into this Order.

A – Repair Information Sheet
B – CMOM
C – West Basin Map (with color-coded pipe defects)
D – Map of Village of Mamaroneck Meter Areas

Dated: February 14, 2024

Village of Mamaroneck

By: Dan Sarnoff
Title: Deputy Village Manager

Dated: February 27, 2024

Save the Sound

By: Roger Reynolds
Title: Senior Legal Director

16

Dated: February 25, 2024         Atlantic Clam Farms of Connecticut, Inc.

_____
By: Edan Rotenberg
Title: Attorney; signed on behalf of
       Atlantic Clam Farms of Connecticut, Inc.

ENTERED and DATED this 24th day of April, 2024

_____
Honorable Cathy Seibel
United States District Judge

The Clerk of Court is respectfully directed to terminate ECF No. 290.

17

APPENDIX A – REPAIR INFORMATION SHEET

# Village of Mamaroneck Repair Information Sheet

SSES Study

- Linear miles of pipes inspected with CCTV
- Number of manholes inspected
- Linear miles of pipe smoke tested
- Number of dye tests performed
- Number of pump stations inspected
- Number of public inflow sources identified for removal
- Number of private inflow sources identified for removal
- Linear miles of pipes identified for rehabilitation
    - Linear miles of pipe identified for full pipe replacements
    - Linear miles of pipe identified for full pipe lining
    - Number of pipe spot repairs identified
- Number of manholes identified for rehabilitation
- Number of manhole covers identified for replacement
- Estimate of total money to be or actually spent to repair the collection system

Repairs Pursuant to Engineering Plan

- Money spent to repair the system
- Linear miles of pipe rehabilitated
- Linear miles of pipe lined
- Linear miles of pipe with full pipe replacement
- Number of spot repairs performed with subsequent linear feet of pipes spot repaired
- Number of Manholes rehabilitated
- Number of Manhole covers replaced
- Number of Public inflow sources removed
- Number of Private inflow sources removed
- Estimate of I&I removed due to rehabilitation

18

# EXTRACT OF MINUTES OF A REGULAR MEETING OF THE BOARD OF TRUSTEES OF THE VILLAGE OF MAMARONECK HELD ON JANUARY 22, 2024, AT 8:00 P.M. IN THE COURTROOM AT 169 MT. PLEASANT AVENUE

## RESOLUTION RE: AUTHORIZATION TO EXECUTE THE SETTLEMENT AGREEMENT WITH SAVE THE SOUND

WHEREAS, a proposed settlement agreement with Save the Sound, having been duly presented to the Board of Trustees for its consideration at its meeting on January 22, 2024; and

WHEREAS, The Board of Trustees having duly considered the proposed settlement agreement,

NOW, THEREFORE, BE IT RESOLVED that the Board of Trustees of the Village of Mamaroneck, approves the settlement; and be it further

RESOLVED, that the Board of Trustees directs the Village Manager to undertake all such administrative acts as may be required to effectuate the settlement agreement.

Ayes: Rawlings, Yizar-Reid, Young, Lucas, Torres
Nays: None

I, the undersigned Clerk Treasurer of the Village of Mamaroneck, Westchester County, New York,

DO HEREBY CERTIFY:

That I have compared the annexed extract of the minutes of the Regular Meeting of the Board of Trustees of the Village of Mamaroneck, including the resolution contained therein, held on the 22nd day of January, 2024, with the original thereof on file in my office, and that the same is a true and correct transcript therefrom and of the whole of said original so far as the same relates to the subject matters therein referred to.

I FURTHER CERTIFY that all members of said Board had due notice of said meeting.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Village this 24th day of January, 2024.

*[signature]*

Agostino A. Fusco