UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| SAVE THE SOUND and ATLANTIC CLAM FARMS of CONNECTICUT, INC., | : <br> : <br> : |
| Plaintiffs, | : <br> : <br> : |
| v. | :    Case No. 7:15-cv-06323-CS <br> : |
| WESTCHESTER COUNTY, NEW YORK; TOWN/VILLAGE OF HARRISON; VILLAGE OF LARCHMONT; TOWN OF MAMARONECK; CITY OF NEW ROCHELLE; VILLAGE OF PELHAM MANOR; CITY OF RYE; VILLAGE OF RYE BROOK; and VILLAGE OF SCARSDALE; | : <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : |

---

## SECOND AMENDED CONSENT ORDER
## AS TO DEFENDANT CITY OF WHITE PLAINS

Plaintiffs Save the Sound and Atlantic Clam Farms of Connecticut, Inc., and Defendant City of White Plains ("White Plains") (collectively, the "Parties") hereby enter into this Second Amended Consent Order ("Order") in settlement of this action.

WHEREAS, Plaintiffs commenced this action asserting, *inter alia*, claims that White Plains was in violation of provisions of the Clean Water Act (33 U.S.C. § 1365 *et seq.*), was in violation of provisions of the County Environmental Facilities Sewer Act (Charter and Administrative Code of Westchester County, Article 824) ("County Sewer Act")), and was contributing to a public nuisance;

WHEREAS, White Plains prepared a Sanitary Sewer Evaluation Survey ("SSES") Engineering Report dated October 26, 2017, a SSES Remediation Report dated December 15, 2017, and a SSES Construction Plan dated March 28, 2018 to identify sources of inflow and infiltration that, when rehabilitated and remediated, was expected to bring White Plains into compliance with the flow limits of the County Sewer Act;

WHEREAS, on October 23, 2018, the Court entered a Consent Order settling this action as to White Plains, ECF 113, setting forth various deadlines for repairs, remediation, and compliance with the County Sewer Act, which White Plains subsequently determined it would not be able to meet;

1

WHEREAS, on May 3, 2021, the Court entered an Amended Consent Order as to White Plains, ECF 197, adjusting the deadlines for repairs, remediation, and compliance with the County Sewer Act in accordance with an Updated SSES Plan and Schedule for July 2020–July 2022, *see* Amended Consent Order Ex. 1, which provided that White Plains would achieve compliance with the applicable flow limits of the County Sewer Act by September 1, 2022;

WHEREAS, the SSES Final Engineering Report, dated August 15, 2022, concluded that White Plains had not yet achieved compliance with the applicable flow limits of the County Sewer Act but had shown considerable improvement;

WHEREAS, White Plains agrees and admits that it has an obligation to comply with the applicable flow limits of the County Sewer Act;

WHEREAS, White Plains has completed additional investigations of its sanitary sewer-shed and has developed an updated SSES Plan, dated February 3, 2023, as amended and further updated on March 27, 2024, attached hereto as Appendix C; and

WHEREAS, Plaintiffs and White Plains now agree to modification of the Consent Order for the purpose of adjusting the terms by which the Consent Order will terminate;

NOW, THEREFORE, without the trial of any issue of fact or law, without the admission by Defendant of any of the facts or violations alleged in the Complaint, upon consent of the Parties, and upon consideration of the mutual promises contained herein,

**IT IS HEREBY STIPULATED BETWEEN THE PARTIES AND ORDERED, ADJUDGED AND DECREED BY THE COURT AS FOLLOWS:**

I. **JURISDICTION AND VENUE**

1. **Jurisdiction.** Jurisdiction over this action is conferred by 28 U.S.C. § 1331 (federal question), and 33 U.S.C. § 1365(a) (Clean Water Act jurisdiction). Plaintiffs have standing and have complied with the statutory notice requirements under the CWA, 33 U.S.C. § 1365(a)(1), and the corresponding regulations at 40 C.F.R. § 135.2. An actual, justiciable controversy exists between the Parties. The requested relief is proper under 28 U.S.C. §§ 2201, 2202, and 33 U.S.C. § 1365(a).

2. **Venue.** Venue is properly vested in this Court pursuant to 33 U.S.C. § 1365(c)(1), because White Plains is located, and the events giving rise to this action occurred, within this judicial district.

3. **Consent.** For purposes of this Order, or any action to enforce the Order, White Plains consents to the Court's jurisdiction over this Order. For purposes of this Order, White Plains consents to venue in this judicial district.

## II. APPLICABILITY

4. The provisions of this Order shall apply to and be binding upon Plaintiffs, Defendant City of White Plains and their successors, and assigns.

5. No transfer of any ownership interest in or any interest in the operation of the White Plains Sanitary Sewer System, whether in compliance with this Paragraph or otherwise, shall relieve White Plains and their successors and assigns of their obligation to ensure that the terms of this Order are implemented. At least thirty (30) days prior to such transfer, White Plains shall provide a copy of this Order to the proposed transferee and shall simultaneously provide written notice of the prospective transfer, together with a copy of the above-referenced proposed written agreement, to Plaintiffs, in accordance with Section XVIII (Notice). Any noncompliance with this Paragraph constitutes a violation of this Order.

6. White Plains shall provide a copy of this Order to all officers, directors, employees, and agents whose duties reasonably include compliance with any provisions of the Order.

7. The Parties will meet and renegotiate the obligations of this Order if agreement is later reached between White Plains and Westchester County, or some other "authority" created to own, operate and maintain the sanitary sewer system, on reallocation of sewer investment and/or maintenance responsibilities between the County, some other "authority" and White Plains.

## III. OBJECTIVES

8. It is the express purpose of the Parties in entering into the Order to require White Plains to take all measures necessary to fulfill the objectives of the CWA and any applicable federal or state regulations.

9. It is the express purpose of the Parties in entering into this Order that White Plains takes all reasonable steps to comply with the applicable flow limits of the County Sewer Act.

10. It is the express purpose of the Parties in entering into this Order to for White Plains to reduce White Plains contributions to sanitary sewage overflows and spills ("SSOs") to zero over time.

## IV. DEFINITIONS

11. Unless otherwise expressly provided herein, terms used in this Order which are defined in the CWA or in regulations promulgated under the CWA shall have the meaning ascribed to them in the CWA or in the regulations promulgated thereunder. Whenever the terms listed below are used in this Order, the following definitions shall apply:

    a. The Agencies: the United States Environmental Protection Agency and the United States Department of Justice.

    b. Date of Lodging: the day the Plaintiffs submit this Order to the Agencies for the forty-five (45) day review period required by 33 U.S.C. § 1365(c)(3).

    c. Effective Date: the day the Court enters this Order after the expiration of the forty-five (45) day review period required by 33 U.S.C. § 1365(c)(3).

    d. Termination Date: the last day of the Term of Order, defined in Section XVII.

## V. PAYMENTS

12. **Environmental Benefit Project ("EBP").** White Plains shall pay ten thousand dollars ($10,000) to The Bronx River Alliance (the "EBP Recipient"), all of which shall be for use on projects relating to the reduction, mitigation, and/or remediation of the effects of stormwater or sewage overflow pollution on, environmental restoration of, or other environmental benefit to the Long Island Sound watershed in Westchester County. The payment will be made by White Plains to the EBP Recipient within thirty (30) days of the Effective Date; proof of payment shall be provided to Plaintiffs the same day. None of this payment shall be disbursed to Plaintiffs.

13. **Fees, Costs, and Expenses.** White Plains shall pay a sum of forty-three thousand and fifty-nine dollars ($43,059) as full and complete satisfaction of Plaintiffs' claims for attorneys' fees and costs incurred to date, including investigative and expert costs, against White Plains. The payment will be made by White Plains within thirty (30) days of the Effective Date. The check shall be payable to "Super Law Group, LLC Attorney Trust – IOLA". Payments will be deposited in Super Law Group's IOLA Trust Account for the benefit of the Plaintiffs.

14. **Compliance Monitoring Fees – Engineering.** Plaintiffs intend to engage the consulting services of a professional engineer licensed in the State of New York ("Consulting Engineer") to monitor White Plains compliance with this Order and, as necessary, for mediation assistance in connection with the Dispute Resolution Procedure (*see* Section XV). White Plains agrees to pay the reasonable fees and costs for this work to be performed by Plaintiffs' Consulting Engineer, in an amount not to exceed fifteen thousand dollars ($15,000) through the Term of Order. Plaintiffs shall pay Plaintiffs' Consulting Engineer directly and then submit the invoices to White Plains for reimbursement. Within thirty (30) days of the Effective Date, Plaintiffs shall provide White Plains with their Consulting Engineer's name, address, telephone number, e-mail address, W-9, and any other necessary payment information, and shall keep White Plains informed of any changes to this information going forward. The engineer selected is: Kevin Draganchuk, CEA Engineers, P.C.

15. **Compliance Monitoring Fees - Legal.** As reimbursement for Plaintiffs' future legal and administrative fees and costs that will be incurred to monitor White Plains compliance with this Order, White Plains agrees to pay reasonable fees and costs for this work performed by Plaintiffs' counsel and Plaintiffs' staff, in an amount not to exceed fifteen thousand dollars ($15,000) through the Term of Order. Fees and costs reimbursable pursuant to this paragraph may include, but are not limited to, those incurred by Plaintiffs or their counsel to conduct site inspections, review of engineering reports, review of annual reports, discussion with representatives of White Plains concerning potential changes to compliance requirements, preparation and participation in mediation or otherwise in connection with the Dispute Resolution Procedure (*see* Section XV), and similar tasks. Plaintiffs' counsel shall provide invoices containing itemized descriptions for any fees and costs claimed. White Plains shall make payment by check, payable to "Super Law Group, LLC Attorney Trust - IOLA," within thirty (30) days of receipt of an invoice that contains an itemized description of fees and costs incurred by Plaintiffs to monitor implementation of the Order during the previous twelve (12) months. Payments will be deposited in Super Law Group's IOLA Trust Account for the benefit of the Plaintiffs.

## VI. FEDERAL REVIEW OF ORDER

16. **Review by Agencies.** The Parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), this Order cannot be entered until forty-five (45) days after the receipt of a copy of the proposed Order by the Agencies. Therefore, upon signing of this Order by the Parties, Plaintiffs shall serve copies of this Order upon the EPA Administrator, the Regional EPA Administrator, and the Attorney General for review, as required by 40 C.F.R. § 135.5. If for any reason the United States should decline to approve this Order in the form presented, the Parties agree to continue negotiations in good faith to cure any objection to entry of this Order raised by the United States.

17. **Review by Court.** Upon the expiration of the forty-five-day review period provided by 33 U.S.C. § 1365(c)(3), the Parties shall move the Court for entry of this Order. If for any reason the Court should decline to approve this Order in the form presented, the Parties agree to continue negotiations in good faith to cure any objection to entry of this Order raised by the Court.

## VII. REMEDIAL MEASURES

18. **Completion of Remedial Measures.** White Plains shall complete the Remedial Measures set forth in Appendices A and C, subject to the further terms and conditions found therein.

## VIII. OPERATIONAL & MANAGEMENT MEASURES

19. **Implementing Operational and Management Measures.** White Plains shall fully implement the Operational and Management Measures set forth in Appendices B and D, subject to the further terms and conditions found therein.

## IX. ACHIEVING COMPLIANCE WITH THE COUNTY SEWER ACT

20. White Plains shall continue to take steps necessary toward compliance with the County Sewer Act's flow limits as set forth at Section 824.72 of the Act by the start of the flow monitoring period described in Appendix A.

21. At the conclusion of flow monitoring set forth in Appendix A, Plaintiffs and White Plains shall jointly request that the Westchester County Department of Environmental Facilities evaluate whether White Plains has achieved substantial compliance with the County Sewer Act.

## X. PUBLIC INFORMATION

22. On or before February 1 of each year during the Term of Order, White Plains shall publish on its website and shall send to Plaintiffs a copy of the sewer map that White Plains files with the County on January 15, pursuant to Section 824.73 of the County Sewer Act. The map shall be provided both in an agreed GIS format and in an agreed electronic document format (such as PDF).

23. On or before September 15 of each year during the Term of Order, White Plains shall publish on its website and shall send to Plaintiffs an electronic copy of the plan for its maintenance and repair program that White Plains files with the County on September 1, pursuant to Section 824.72(7) of the County Sewer Act.

24. On or before September 15 of each year during the Term of Order, White Plains shall publish on its website and shall send to Plaintiffs an electronic copy of its Capacity, Management, Operation, & Maintenance ("CMOM") manual.

25. On or before September 15 of each year during the Term of Order, White Plains shall send to Plaintiffs a record of all callouts and related field notes, and identify corrective actions taken in response, in the preceding year.

26. On or before September 15 of each year during the Term of Order, White Plains shall send to Plaintiffs a record of all spill reports filed by White Plains pursuant to the Sewage Pollution Right to Know Act (NY ECL §17-0826-a).

## XI. INFORMATION COLLECTION & RETENTION

27. Plaintiffs and their contractors, consultants, and attorneys shall have authority to enter any property or facility owned or controlled by White Plains, at all reasonable times and upon reasonable notice, upon proper identification, for the purposes of: (a) monitoring the progress of activity required by this Order; (b) verifying any data or information submitted to Plaintiffs under this Order; (c) assessing White Plains' compliance with this Order; (d) obtaining samples and, upon request, splits of any samples taken by White Plains or its representatives, contractors, or consultants; and (e) obtaining documentary evidence, including photographs and similar data related to compliance with this Order. Upon request, Plaintiffs shall provide White Plains splits of any samples taken.

28. White Plains shall retain all non-identical copies of all documents, records, and other information (including documents, records, or other information in electronic form) generated by White Plains, and all data collected and all reports generated by White Plains' contractors (including data and reports in electronic form), that directly relate to White Plains' performance of its obligations under this Order for ten years. This information retention requirement shall apply regardless of any contrary corporate or institutional policies or procedures. At any time during this information-retention period, upon reasonable request by the Plaintiffs, White Plains shall provide copies of any documents, records, or other information required to be maintained under this Paragraph.

29. At the conclusion of the information-retention period provided in the preceding Paragraph, White Plains shall notify the Plaintiffs at least ninety (90) Days prior to the destruction of any documents, records, or other information subject to the requirements of the preceding Paragraph and, upon reasonable request by the Plaintiffs, White Plains shall deliver any such documents, records, or other information to Plaintiffs.

30. White Plains may assert that certain documents, records, or other forms of information are privileged under the attorney-client privilege or any other privilege or protection from disclosure recognized by federal law or state law. If White Plains asserts such a privilege or protection, it shall provide the following: (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name and title of each author of the document, record, or information; (4) the name and title of each addressee and recipient; (5) a description of the subject of the document, record, or information; and (6) the privilege or protection asserted by White Plains. However, no documents, records, data, reports, or other information created or generated pursuant to the requirements of this Order shall be withheld on grounds of privilege or on grounds of protection from disclosure.

## XII. APPROVAL OF DELIVERABLES

31. A "Deliverable" is any plan, report, map, or other item that White Plains is required to submit to Plaintiffs for review or approval pursuant to this Order.

32. White Plains shall submit any significant modification or amendment of any Deliverable for review or approval pursuant to this Order to Plaintiffs.

33. Plaintiffs shall use their best efforts to timely respond to any Deliverable or amended Deliverable.

34. Within forty-five (45) days of receiving Plaintiffs' written comments, White Plains shall either: (a) alter the submission consistent with Plaintiffs' written comments or (b) submit the matter for dispute resolution under Section XV of this Order

35. If a Deliverable is approved pursuant to this Section, the Defendant shall take all actions required by the Deliverable, in accordance with the schedules and requirements of the Deliverable as approved.

36. For each day White Plains fails to timely submit any Deliverable, an additional stipulated EBP payable to the EBP Recipient identified in Section V for each such Deliverable will be assessed to White Plains as follows:

| Period of Noncompliance | EBP Per Deliverable Per Day |
| --- | --- |
| 1–30 Days | $50 |
| 31-45 Days | $200 |
| 46-60 Days | $400 |
| More than 60 Days | $1,000 |

White Plains shall have thirty (30) days to cure any untimely Deliverable. However, if the Deliverable is not submitted within the cure period, additional EBP payments shall accrue from the date of the missed deadline.

### XIII. DELAYS & FORCE MAJEURE

37. **Definition of Force Majeure.** "Force Majeure," for purposes of this Order, is defined as any event arising from causes entirely beyond the control of White Plains, of any entity controlled by White Plains, or of White Plains engineers, consultants, and contractors, that delays or prevents the timely performance of any obligation under the Order notwithstanding White Plains' best efforts to fulfill the obligation. "Force Majeure" does not include financial inability to perform any obligation under this Order. "Best efforts" includes anticipating any potential Force Majeure event and addressing the effects of any such event, both (a) as it is occurring and (b) after it has occurred, to prevent or minimize any resulting delay to the greatest extent feasible.

38. **Notice of Any Delay.** If any event occurs that may delay or prevent the performance of any obligation under this Order—whether or not caused by a Force Majeure event—White Plains shall notify Plaintiffs via email within five (5) business days after White Plains first knew or should have known that the event might cause a delay. Within ten (10) additional business days thereafter, White Plains shall submit an explanation of (a) the cause(s) of any actual or expected delay or noncompliance; (b) the anticipated duration of any delay; (c) the measure(s) taken and to be taken by White Plains to prevent or minimize the delay;

(d) a proposed schedule for the implementation of such measures; (e) a statement as to whether, in the opinion of White Plains, such event may cause or contribute to an endangerment to public health, welfare, or the environment; and (f) a statement as to whether, in the opinion of White Plains, such event constitutes a Force Majeure.

Failure to provide timely and complete notice in accordance with this Paragraph shall constitute a waiver of any claim of Force Majeure with respect to the event in question.

39. **Extension Due to Force Majeure.** If Plaintiffs agree that a delay or anticipated delay is attributable to Force Majeure, the time for performance of the obligations under this Order that are affected by the Force Majeure event shall be extended for a period of time as is necessary to complete these obligations, as mutually agreed by the Parties.

40. **Dispute as to Force Majeure.** If Plaintiffs do not agree the delay or anticipated delay is attributable to Force Majeure, Plaintiffs will notify White Plains in writing of its decision. White Plains may then elect to initiate the dispute resolution process set forth in Section XIV. In any such proceeding, White Plains shall have the burden of demonstrating by a preponderance of the evidence that the delay or anticipated delay has been or will be caused by a Force Majeure event, that the duration of the delay or the extension sought was or will be warranted under the circumstances, that "best efforts" were exercised to avoid and mitigate the effects of the delay, and that White Plains complied with notice requirements. If White Plains carries this burden, the delay at issue shall be deemed not to be a violation by White Plains of the affected obligation(s) of this Order.

    If White Plains does not initiate the dispute resolution process within fourteen (14) days of receiving Plaintiffs' written notice, as defined in Section XVI, then White Plains shall be deemed to have waived any Force Majeure claims or any rights to initiate dispute resolution with regard to such claims.

41. **Subsequent Obligations.** Delay in performance of any obligation under this Order shall not automatically justify or excuse delay in complying with any subsequent obligation or requirement of this Order.

XIV.    **DISPUTE RESOLUTION PROCEDURE**

42. The following Dispute Resolution Procedure shall be the exclusive mechanism to resolve any disputes arising under this Order:

    a. Any dispute that arises under this Order shall initially be subject to a period of informal negotiations, which shall not extend beyond thirty (30) days unless the Parties mutually agree in writing to an extension of the informal negotiation period and/or a mediation process. The dispute shall be considered to have arisen on the date one Party receives written notification from the other, as defined in Section XVI, that there is a dispute by citation to this Section together with a clear statement as to the matter in dispute and the associated requirements of this Order.

9

b. If the Parties cannot resolve a dispute by informal negotiations, whether before or immediately after the lapse of informal negotiations, then the Parties must seek the intervening role of a certified federal court mediator, with such individual chosen by mutual agreement of the Parties. If the Parties cannot agree upon a mediator after exchanging no fewer than five (5) proposed mediator recommendations per party within thirty (30) days, either Party may file a Dispute Resolution motion with the Court. The mediation period shall not extend beyond forty-five (45) days from the end of the informal negotiation period, unless the Parties otherwise mutually agree in writing to an extension of the mediation period.

c. If the Parties cannot resolve a dispute by mediation, at the conclusion of the forty-five (45) day mediation period, either Party may file a Dispute Resolution motion with the Court.

d. Alternatively, if the Parties agree in writing to bypass mediation entirely, the disputing party shall file a motion with the Court directly. The motion shall refer to this Order and Paragraph and shall set forth the nature of the dispute and a proposal for its resolution. The opposing Party shall have thirty (30) days in which to file a response with an alternate proposal for resolution. As to any and all disputes under this Paragraph, the Court shall determine which proposed resolution is most appropriate, in light of the circumstances and proposals presented to it and consistent with the Clean Water Act.

e. Nothing in this section should be interpreted to limit the Court's inherent authority to enforce its orders, including through the use of sanctions.

## XV. EFFECT OF SETTLEMENT & RESERVATION OF RIGHTS

43. This Order resolves the civil claims of Plaintiffs for the violations alleged in their Complaint filed in this action through the Date of Lodging.

44. White Plains is responsible for achieving and maintaining complete compliance with all applicable federal, state, and local laws and regulations, and permits, and White Plains' compliance with this Order shall be no defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth herein. The Plaintiffs do not, by their consent to the entry of this Order, warrant or aver in any manner that White Plains' compliance with any aspect of this Order will result in compliance with provisions of the CWA or with any other provisions of federal, State, or local laws, regulations, or permits.

45. This Order does not limit any rights or remedies available to the Plaintiffs or defenses available to White Plains for any violation by White Plains of the CWA, State law, or associated regulations or permit conditions other than those claims alleged in the Complaints through the Date of Lodging.

46. This Order does not limit any rights or remedies available to the United States or the State of New York.

47. Plaintiffs expressly reserve all rights and remedies, legal and equitable, available to each of them for all violations of the CWA, State law, or other applicable law, except with respect to violations that have been specifically resolved pursuant to Paragraph 45, and reserve all rights and remedies, legal and equitable, available to enforce the provisions of this Order, including the provisions of any Appendix or Deliverable approved by Plaintiffs under this Order.

48. In any subsequent administrative or judicial proceeding initiated by one or more of the Plaintiffs for injunctive relief, civil penalties, or other appropriate relief relating to White Plains' violations of federal or state law, White Plains shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel issue preclusion, claim preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by one or more of the Plaintiffs in the subsequent proceeding were or should have been brought in the instant case, except with respect to claims that have been specifically resolved pursuant to Paragraph 45.

49. This Order does not limit or affect the rights of White Plains or the Plaintiffs against any third parties not party to this Order, nor does it limit the rights of third parties not party to this Order against White Plains, except as otherwise provided by law.

50. This Order shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Order.

## XVI. NOTICES

51. Any notice, demand, copies of documents, deliverable, or other communication required to be made under the provisions of this Order (collectively, "Notices") by any Party hereto shall be effective only if in writing and (a) personally served, (b) mailed by United States registered or certified mail, return receipt requested, postage prepaid, (c) sent by a nationally recognized courier service (*e.g.*, Federal Express) to be confirmed in writing by such courier, or (d) sent by electronic mail, with receipt confirmed by the counterparty via electronic mail. Notices shall be directed to the Parties at their respective addresses set forth below.

| Notices for Plaintiffs shall be sent to:<br><br>Julia Muench<br>Super Law Group, LLC<br>222 Broadway, 22nd Floor<br>New York, NY 10038<br>julia@superlawgroup.com | Roger Reynolds<br>Save The Sound<br>900 Chapel St., Upper Mezzanine<br>New Haven, CT 06510<br>rreynolds@savethesound.org<br><br>Notices sent to these individuals shall be deemed as notice to Plaintiffs. |

| | |
|---|---|
| Notices for White Plains shall be sent to:<br><br>Mark Landman<br>Landman Corsi Ballaine & Ford P.C.<br>120 Broadway<br>New York, NY 10271<br>mlandman@lcbf.com | Corporation Counsel<br>City of White Plains<br>White Plains City Hall<br>255 Main Street<br>White Plains, NY 10601<br><br>Notices sent to the individuals listed above at the addresses listed above shall be deemed as notice to White Plains |

Each Party shall promptly notify the other Party of any change in the above-listed contact information by using the procedures set forth in this paragraph.

## XVII. TERM OF ORDER

52. **Termination Date.** The Term of Order shall terminate three years from the Effective Date unless White Plains does not comply with the Order by the dates set forth herein—whether because of a Force Majeure Event or for any other reason—in which case the Term of Order shall be extended for an appropriate period of time to be agreed between the Parties through the Dispute Resolution Procedure (Section XIV). Plaintiffs shall not oppose an application to the Court to terminate this Order sooner than three years if White Plains is able to demonstrate to the Plaintiffs that it is in compliance with the County Sewer Act's flow limits.

53. **Retention of Jurisdiction.** The Court shall retain jurisdiction to enforce this Order and its Appendices and to resolve any disputes arising thereunder throughout the Term of Order, *i.e.* from the Effective Date until the Termination Date.

## XVIII. MISCELLANEOUS

54. **Entire Agreement.** This Order and its Appendices contain the entire agreement between the Parties and no major modifications shall be valid unless in writing, mutually agreed to and executed by the Parties, reviewed by the Agencies, and entered by the Court. The Parties may mutually agree in writing to minor modifications of this Order without further consent of the Court and such written minor modifications shall be deemed incorporated into this Order.

55. **Representatives.** Each undersigned representative of White Plains and Plaintiffs certifies that he or she is fully authorized to enter into the terms and conditions of the Order and to execute and legally bind the Party he or she represents to this document.

56. **Execution in Counterparts.** This Order may be signed in counterparts, and its validity shall not be challenged on that basis.

57. **Headings.** The section and paragraph headings contained in this Stipulated are for reference purposes only and shall not affect in any way the meaning or interpretation of this order.

58. **Severability.** In the event that any of the provisions of this Order are held by a court to be unenforceable, the validity of the enforceable provisions shall not be adversely affected.

59. **Interpretation.** The provisions contained herein shall not be construed in favor of or against any Party because that party or its counsel drafted this Order, but shall be construed as if all Parties prepared this Order, and any rules of construction to the contrary are hereby specifically waived. The terms of this Order were negotiated at arm's length by the Parties hereto. The language in all parts of this order shall be construed according to its plain and ordinary meaning, except as to those terms defined by the Clean Water Act or specifically herein.

### XIX. FINAL JUDGMENT

60. Entry of this Order constitutes Final Judgment under Rule 54 of the Federal Rules of Civil Procedure.

### XX. APPENDICES

61. The following appendices are hereby incorporated into this Order.

Appendix A – Remedial Measures
Appendix B – Operational and Management Measures
Appendix C – White Plains SSES
Appendix D – Proposed Private Lateral Ordinance

Dated: 10/20/2025              City of White Plains

By: Thomas M. Roach
Title: Mayor

Dated: October 20, 2025                Save the Sound

                                       _____
                                       By: Roger Reynolds
                                       Title: Senior Legal Director


Dated: October 21, 2025                Atlantic Clam Farms of Connecticut, Inc.

                                       _____
                                       By: Julia Muench
                                       Title: Counsel, o/b/o Edward Stilwagen, President
                                              Atlantic Clam Farms of Connecticut, Inc.


ENTERED and DATED this _____ day of _____, 20____


                                       _____
                                       Honorable Cathy Seibel
                                       United States District Judge

14